UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMES LARKIN, <br><br> Plaintiff, <br><br> v. <br><br> MARK SEVIER, MAJOR CORNETT, BRADFORD, TALBOTT, EKINS, KRAUSE, BACH, LT. ARMSTRONG, HALLORAN, BOREN, ANDREW and RYAN, <br><br> Defendants. | CAUSE NO.: 4:18-CV-65-JVB-JEM |

OPINION AND ORDER

James Larkin, a prisoner without a lawyer, filed a complaint listing five claims. ECF 1 at ¶¶ 46-50. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

First, Larkin alleges Lt. Ekins "repeatedly sprayed [him] with pepper spray (O.C.) while locked in my cell . . . unarmed and . . . subdued . . .." ECF 1 at 6-7. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to

cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Larkin has plausibly alleged Lt. Ekins inflicted cruel and unusual punishment on him in violation of the Eighth Amendment by acting maliciously and sadistically, in bad faith for no legitimate purpose.

Second, Larkin alleges Sgt. Bradford, Sgt. Talbott, Officer Krause, Officer Bach, Officer Andrew, Officer Ryan,[1] Lt. Armstrong, and Lt. Ekins beat him "in the head, face, and body [while he was] unarmed and . . . subdued . . .." ECF 1 at 6-7. Larkin also alleges a failure to intervene to stop the others from attacking him. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (*citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, Larkin has plausibly alleged Sgt. Bradford, Sgt. Talbott, Officer Krause, Officer Bach, Officer Andrew, Officer Ryan, Lt. Armstrong, and Lt. Ekins inflicted cruel and unusual punishment on him in violation of the Eighth

---

[1] Larkin did not include Officer Ryan in the list of defendants at the beginning of his complaint. Therefore the clerk did not include Ryan in the list of defendants on the docket sheet. However, Larkin named Ryan in the body of the complaint with the other officers he alleges assaulted him. Therefore the clerk will be directed to add Ryan as a defendant.

2

Amendment by acting maliciously and sadistically, in bad faith for no legitimate purpose. He has also plausibly alleged they failed to intervene.

Third, Larkin alleges those same actions are also a tort under Indiana law. However, before a tort claim can proceed in court against an employee of the State of Indiana, the plaintiff must file a notice of tort claim as required by the Indiana Tort Claims Act. *See* Indiana Code § 34-13-3-6 and *Poole v. Clase*, 476 N.E.2d 828 (Ind. 1985). Here, Larkin does not mention filing a tort claims notice and it would not be plausible to infer that he has. Therefore he may not proceed on a State law claim.

Fourth, Larkin alleges Warden Sevier and Major Cornett did not discipline employees who used excessive force on prior occasions. The essence of this claim is that they failed to properly train the defendants to not use excessive force. However, "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Neither Warden Sevier nor Major Cornett are a municipality. Therefore these allegations do not state a claim.

Fifth, Larkin alleges Warden Sevier, Major Cornett, Lt. Halloran, and Mental Health Officer Boren placed him "on strip cell to punish him for covering his cell door window and for engaging in a hunger strike . . .." ECF 1 at 10. He alleges this was done without a hearing and was disproportionate to what he did. ECF 1 at 8. However, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "After *Sandin*, it is

3

clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quotation marks and citation omitted). "In *Marion*, th[e] court noted that 'six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (quotation marks and citation omitted). Here, the duration and severity of the conditions desribed by Larkin do not constitute an atypical and significant hardship, therefore these allegations do not state a claim.

For these reasons, the court:

(1) DIRECTS the clerk to add Ryan as a defendant;

(2) GRANTS James Larkin leave to proceed against Lt. Ekins in his individual capacity for compensatory and punitive damages for using excessive force against him on April 10, 2018, by repeatedly pepper spraying him while he was locked in his cell in violation of the Eighth Amendment;

(3) GRANTS James Larkin leave to proceed against Sgt. Bradford, Sgt. Talbott, Officer Krause, Officer Bach, Officer Andrew, Officer Ryan, Lt. Armstrong, and Lt. Ekins in their individual capacities for compensatory and punitive damages for using excessive force against him on April 10, 2018, by beating him in the head, face, and body while he was unarmed and subdued in violation of the Eighth Amendment;

4

(4) GRANTS James Larkin leave to proceed against Sgt. Bradford, Sgt. Talbott, Officer Krause, Officer Bach, Officer Andrew, Officer Ryan, Lt. Armstrong, and Lt. Ekins in their individual capacities for compensatory and punitive damages for failing to intervene to stop other officers from assaulting him on April 10, 2018, in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Mark Sevier, Major Cornett, Halloran, and Boren;

(7) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process at the Indiana Department of Correction on Sgt. Bradford, Sgt. Talbott, Officer Krause, Officer Bach, Officer Andrew, Officer Ryan, Lt. Armstrong, and Lt. Ekins with a copy of this order and the Complaint (ECF 1); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Bradford, Sgt. Talbott, Officer Krause, Officer Bach, Officer Andrew, Officer Ryan, Lt. Armstrong, and Lt. Ekins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 6, 2019.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE