UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMES LARKIN, )<br>      Plaintiff, )<br>       )<br>   v. )<br>       )<br>MARK SEVIER, MAJOR CORNETT, )<br>BRADFORD, TALBOTT, EKINS, KRAUSE, )<br>BACH, LT. ARMSTRONG, HALLORAN, )<br>BOREN, ANDREW, and RYAN, )<br>      Defendants. ) | CAUSE NO.: 4:18-CV-65-JVB-JEM |

**OPINION AND ORDER**

James Larkin, a prisoner without a lawyer, is proceeding in this case on three claims: (1) against Lt. Ekins in his individual capacity for compensatory and punitive damages for using excessive force against him on April 10, 2018, by repeatedly pepper spraying him while he was locked in his cell in violation of the Eighth Amendment; (2) against Sgt. Bradford, Sgt. Talbott, Officer Krause, Officer Bach, Officer Ryan, Lt. Armstrong, and Lt. Ekins in their individual capacities for compensatory and punitive damages for using excessive force against him on April 10, 2018, by beating him in the head, face, and body while he was unarmed and subdued in violation of the Eighth Amendment; and (3) against Sgt. Bradford, Sgt. Talbott, Officer Krause, Officer Bach, Officer Ryan, Lt. Armstrong, and Lt. Ekins in their individual capacities for compensatory and punitive damages for failing to intervene to stop other officers from assaulting him on April 10, 2018, in violation of the Eighth Amendment. (Op. & Order 4-5, ECF No. 11; Order, ECF No. 42).

Larkin has filed a Plaintiff's Motion for Summary Judgment [DE 79] against the defendants. Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A

genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Here, Larkin has not cited to materials in the record showing the undisputed facts entitle him to judgment – nor can he. Seven staff reports describe the incident as a necessary and appropriate use of force because Larkin was refusing orders and actively fighting the correctional officers. (Resp. Pl.'s Req. Produc. 32-28, ECF No. 72). Though none of those are sworn statements, Larkin cannot object that they "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Federal Rule of Evidence 602 permits a person to testify about facts within their personal knowledge and each of those statements describe events within the personal knowledge of those staff.

For these reasons, the Court hereby **DENIES** Plaintiff's Motion for Summary Judgment [DE 79].

SO ORDERED on September 2, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

2