UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JAMES LARKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:18-cv-00065-JVB-JEM |
| | ) | |
| JEFFREY ARMSTRONG, | ) | |
| MICHAEL BACH, | ) | |
| CALVIN BRADFORD, | ) | |
| EVIN EAKINS, | ) | |
| ANDREW KRAUSE, | ) | |
| TIM RYAN, and | ) | |
| GEOFFREY TALBOT, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF SUMMARY-JUDGMENT MOTION

A summary-judgment motion has been filed against you. Attached is a copy of the motion. It asks the court to decide all or part of your case without a trial. It says that there should not be a full trial because you cannot win some or all of your claims. It asks the court to enter judgment against you. The party that filed the motion will win if the facts show that party is entitled to judgment. If you do not agree with the facts in the motion, you must submit affidavits or other evidence to dispute those facts.

Copies of Rule 56 and Local Rule 56-1 are also attached. You should carefully read—and follow—all the rules. The outcome of this case may depend on it. Following the rules does not guarantee that the summary-judgment motion will be denied. But if you do not follow the

rules, you may lose this case.

Before the court rules on the motion, you have the right to file a response. If you do not respond to the summary-judgment motion, you may lose this case. If you need more time to respond, you must file a motion asking for more time before the deadline expires. The court may—but is not required to—give you more time.

Fed. Rule Civ. Proc. 56. Summary Judgment

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

    (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented

    in a form that would be admissible in evidence.

  (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

  (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

  (1) defer considering the motion or deny it;

  (2) allow time to obtain affidavits or declarations or to take discovery; or

  (3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

  (1) give an opportunity to properly support or address the fact;

  (2) consider the fact undisputed for purposes of the motion;

  (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

  (4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

  (1) grant summary judgment for a nonmovant;

  (2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

N.D. Ind. L.R. 56-1

(a) Moving Party's Obligations.  The brief supporting a summary-judgment motion or the brief's appendix must include a section labeled "Statement of Material Facts" that identifies the facts that the moving party contends are not genuinely disputed.

(b) Opposing Party's Obligations.

   (1) Required Filings.  A party opposing the motion must, within 28 days after the movant serves the motion, file and serve

      (A) a response brief; and

      (B) any materials that the party contends raise a genuine dispute.

   (2) Content of Response Brief or Appendix.  The response brief or its appendix must include a section labeled "Statement of Genuine Disputes" that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary.

(c) Reply.  The movant may file a reply brief within 14 days after a response is served.

(d) Oral Argument.  The court will decide summary-judgment motions without oral argument unless a request under L.R. 7-5 is granted or the court directs otherwise.

(e) Disputes about Admissibility of Evidence. Any dispute regarding the admissibility of evidence should be addressed in a separate motion.

(f) Notice Requirement for Pro Se Cases. A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix C.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I electronically filed the foregoing *Defendants' Memorandum of Law in Support of Partial Summary Judgment* with the Clerk of the Court using the CM/ECF system. I also certify that I served a copy of the foregoing upon the party listed below, by United States mail, first-class postage prepaid, on September 18, 2020:

James Larkin
DOC #206339
Indiana State Prison
1 Park Row
Michigan City, IN 46360

By: Courtney L. Abshire
Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Fl.
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-7019
Fax:    (317) 232-7979
E-mail: Courtney.Abshire@atg.in.gov