UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

JAMES LARKIN
  Plaintiff
v.                                    Case No. 4:18-CV-65-JVB-JEM
JEFFREY ARMSTRONG et.al.
  Defendants

-FILED-
OCT 19 2020
At_____M
ROBERT N. TRGOVICH, CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff James Larkin a pro se prisoner, bring this matter before the Court on Defendants motion for Summary Judgment Filed on September 18, 2020

Defendants motion for summary Judgment should be denied for the following

1) Under Rule 56(b)(1)(A), Fed. R. Civ. P. A summary Judgment motion can be made by either party at anytime up to 30 days after the close of discovery. Discovery was concluded on August 14, 2020 Per Rule 56(b)(1)(A) Fed. R. Civ. P. 30 days from August 14, 2020 would be September 13, 2020 Defendants failed to file their Summary Judgment within the 30 days

2) The use of OC spray on Larkin did constitute excessive force. Larkin was in a seg cell in a Control unit by himself No threat. Larkin got sprayed 3 Times. (See Ex D) If Someone does something to a person or allows a person to be hit with OC 3 Times more than Likely ITS to inflict pain. The use of OC spray "Is appropriate when reasonably necessary to subdue recalcitrant Prisoners." Santiago v. Walls, 599 F.3d 749, 757 (7th Cir 2020). IT was not necessary In this case. Defendants hit Larkin with 3 rounds of OC the did an Extraction on Larkin. Larkin was taken to shower then medical an placed back in his cell the same cell Just with no mat or (Ex B) running water. (note the same bag I threw at the team with the OC In It was in my cell floor) Again Larkin did not need to be subdue Alone In a seg cell. Defendants state that I was infact sprayed 3 times. Larkin admits that he was wrong about Defendant Eakins being the one to use OC, but Larkin does know

That Defendant Eaking was on A pod during the cell extraction (Ex L) Larkin and Eaking talked about the extraction once at a later Date. You'll see in defendants memorandum that they beleive that oc spray has a legitimate penological purpose in protecting staff and Facility safety and security and promoting compliance with order. Larkin knows and feels the need for safety but an unarmed man in an empty cell is no threat and NO IDOC STAFF should ever use any type of force to promote compliance with order.

4) The cell extraction itself is not the issue. A conduct report was all that was needed. You'll see threwout the defendants memorandum that would indicate that the Defendants were trien to discipline Larkin. They mention things promoting compliance with order, correct recalcitrait behavior ect. Larkin feels thats why Defendants acted the way. In the Defendants Memorandum IT STATES (use reasonable force to restrain and secure Larkin.) That is no fact on without the video (Ex V.) an the nature of Larkins injurys. ITS not true without the Video IT can be disputed (Ex V.)

5) Larkin admits to throwing the oc Larkin wasnt Fighting the team (Ex L.) the team was Fighting Larkin. Larkin never threw one punch or kick (Ex L, Taser Video) If Larkin would have been fighting the E squad Like defendants claim then Larkin would have received more than just the one report of conduct from Defendants Krause (Ex K) The report of conduct Krause made was a Lie. (see Taser Video) The Taser video will show our feet they dont lead ones to beleive that I was kicking at E squad or That I Larkin kicked Defendant Krause. Because the taser video shows that Krause Lied In his report and The fact that Eakins signed off on everything we have to asume that all that Eakins an Krouse said was Lies. And If the taser video shows me not Kicking or Fighting then Defendants motion Should be denied

6) Here Defendants Attorney say there IS No evidence that Defendant Armstrong directed the ~~E squad~~ cell extraction team on how to conduct the cell extraction. As of 4/10/18 Defendant Armstrongs Job was E-Squad field commander, His Job Is to direct the E squad and obsen them. (EX. D)

"2"

6) Defendant Eakins was in the Hallway outside A pod. Larkin seen him there In the time it took Larkin to walk from his cell A7-106 20 yards to where he seen Eakins is a fraction of the time it would have taken Eakins to walk from his office or the ready room, and Eakins would have had to go threw two pod doors that take time to open because they both cant be open at same time, you would have to wait for on door to close for the other to open. Defendant Eakins could not have got there in time for Larkin to see him. He had been there IT wasnt Like he Just walked up (Ex L) on a Later date Larkin and Eakins talked about the extraction (Ex L)

Again it is defendant Armstrongs Job to observ cell extractions The reason defendant Armstrong was on A pod was to direct and observ the E-squad. Now defendant Armstrong claims he didn't do either. (Ex D) Defendant Ryan was In the cell an did nothing for those reasons defendants are not entitled to summary Judgment on failure to intervene claim.

7) Defendants are not entitled to qualified immunity. Defendant Armstrong is E-squad field commander. IT is his Job to direct E-squads. IT is Also his Job to see the E squad at all times in case something went wrong (Ex D) for defendant Armstrong to state that he didnt see or hear anything inappropriate happening (Ex D) and use the control unit being to small as an excuse. The control unit is made to be seen out of in 360°. Armstrong failed to protect Larkin from the E Squads assault, for that he isnt entitled to qualified immunity

Defendant Eakins though he did not administer the oc spray he is the one responsible for A pod He was shift supervisor. He's the one ~~responsible for A pod~~ who went over the briefing (Ex B) that failed to produce the video and detailed recorder notes that are protocol incase they are needed for something Like this. Because Larkin seen Eakins in the Hell outside A pod Eakins had an opertunity to stop Larkin from being beat on (Ex L Ex B) for that Defendant Eakins is not entitled to qualified immunity

Defendant Ryan was In the cell and did nothing to stop the assault on Larkin Ryan is not entitled to qualified immunity

Defendant Bradford got over top of Larkin while Larkin was being held down on the ground and punched Larkin 15-30 times In the head and face (EX L) for that Defendant Bradford is not entitled to qualified Immunity

Defendant Bach Droped knees into Larkins while Larkin was subdued on the ground (EX L) for that Defendant Bach ~~does not~~ is not entitled to qualified Immunity

Defendant tolbot Got over top of Larkin while Larkin was on ground subdued an grabed Larkins head and hair an slamed Larkins head and face into the floor several times. (Ex. L) for that Defendant tolbot is not entitled to qualified Immunity.

Defendant Krause started throwing punches as soon as he got In cell. Punching Larkin several times In the head. then defendant Krause Lied on a state for claiming I kicked hims. (Ex K, Taser Video, Ex L) for that Krause is not entitled to qualified immunity

8) Because Larkin was Locked In a cell by himself an OC was used on him 3 times the use of OC does give rise to a constitutional violation. ~~Larkin~~

9) the cell extraction Is not what's at question the defendants beat Larkin during the extraction (Ex L)

4

# CERTIFICATE OF SERVICE

I hereby certify that on Oct. 8th 2020 I Gave ISP STAFF the foregoing to be mailed out by United States mail, Postage prepaid on Oct 8th 2020 to the following

Office of the Clerk
U.S.D.C.
1300 S, Harrison ST
Fort Wayne IN. 46802

By James Larkin pro se

*James Larkin*