**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **JAMES LARKIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.  4:18-CV-65** |
| **v.** | ) | |
| | ) | **HON. THERESA L. SPRINGMAN** |
| **GEOFFREY TALBOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT PROPOSED PRE-TRIAL ORDER

Pursuant to F.R.C.P. 16, *et seq.,* N.D. Ind. L.R. 16-1, and the Court's Order [Dkt 123], Plaintiff, James Larkin, by counsel, Loevy & Loevy, and Defendant, Lieutenant Geoffrey Talbot, by counsel, Eichhorn & Eichhorn, LLP, have met and conferred prior to the entry of this Final Pre-Trial Order. Therefore, the parties submit this proposed Pre-Trial Order for consideration by the Court to govern the course of trial, not to be amended absent manifest injustice.

### I.    STATEMENT OF JURISDICTION

Jurisdiction was conceded by counsel and the Court found that it has jurisdiction over this matter by operation of federal question jurisdiction as conferred by 28 U.S.C. § 1331.

### II.    CLAIMS

The case is at issue on the Complaint filed by Plaintiff, James Larkin, and the Answer filed by Defendant, Geoffrey Talbot. [Dkt 1; Dkt 23]. The Court screened Plaintiff's Complaint, pursuant to 28 U.S.C. §1915A, and allowed Plaintiff to proceed against Defendant Talbot, and other defendants, on an Eighth Amendment claim of excessive force, which he claims took place on April 10, 2018. [Dkt 11, at 4; Dkt 95, at 11]. Except for Defendant Talbot, the other named defendants were granted summary judgment on May 19, 2021. [Dkt 95]. Defendant Talbot denies

all of Plaintiff's claims against him. [Dkt 23, at ¶¶18-27, 29-50].

### III.    AFFIRMATIVE AND OTHER DEFENSES

Defendant Talbot maintains several affirmative defenses, including that: (1) Plaintiff's Complaint fails to state a claim upon which relief can be granted; (2) there is no *respondeat superior* liability in an action under 42 U.S.C. §1983; (3) Plaintiff's rights, privileges, and immunities secured under the Constitution or by the laws of the United States have not been violated by any alleged action or inaction of Defendant Talbot; (4) Defendant Talbot, at all times, acted reasonably, without malice, and in good faith; and (5) Defendant Talbot is entitled to qualified immunity from damages under 42 U.S.C. §1983 because his actions were objectively reasonable and did not violate clearly established principles of law. [Dkt 23, at 5].

Plaintiff maintains that Defendant Talbot's affirmative defenses have been denied in this Court's May 19, 2021, summary judgment opinion and Order and, therefore, should not be presented to the jury. [Dkt 95].

### IV.    PENDING MOTIONS

Pursuant to the Court's December 13, 2022, Order, the parties are to file any motions in limine, proposed jury instructions, and jury verdict forms by October 10, 2023. [Dkt 123]. Responses to any motions in limine are due by October 23, 2023. [Dkt 123]. As of the filing of this Final Pre-Trial Order, no motions have been filed by the parties, but it is anticipated that Plaintiff, Defendant, or both, will file some or all of the aforementioned motions with the Court prior to the established deadlines.

## V.    CONTENTIONS

### A. *Plaintiff.*

Plaintiff contends that he was incarcerated at the Westville Correctional Center on April 10, 2018. [Dkt 4]. While incarcerated, Defendant Talbot and several dismissed defendants used force on Plaintiff. At issue is whether Defendant Talbot's use of force was excessive and, therefore, violative of Plaintiff's constitutional rights. Plaintiff seeks compensatory and punitive damages for the injuries suffered.

### B. *Defendant Talbot.*

Defendant Talbot contends that on April 10, 2018, Mr. Larkin threw an unknown (at the time) substance on a correctional officer, which prompted a cell extraction team to be assembled, of which he was a member. In the afternoon of April 10, 2018, the cell extraction team approached Mr. Larkin's cell and gave orders for Mr. Larkin to submit to mechanical restraints on three separate occasions. Following each of these orders, Mr. Larkin refused to submit to mechanical restraints and a chemical agent was utilized by a different officer, without success. After Mr. Larkin refused to comply with the third order to submit for mechanical restraints after the use of the chemical agent, the cell extraction team entered Mr. Larkin's cell, wherein Mr. Larkin became physically combative by throwing the chemical agent he had collected at the extraction team members and fighting them, which resulted in a fractured finger to one of the cell extraction team members. Mr. Larkin was subdued, placed in mechanical restraints, and escorted from his cell for a decontamination shower and medical treatment. Mr. Larkin was later charged and convicted on two different disciplinary charges of assaulting an officer in connection with his throwing of the unknown substance on the correctional officer and for fracturing the finger of one of the cell extraction team members.

Defendant Talbot contends that he used a reasonable and necessary amount of force, as a part of the cell extraction team, to get Mr. Larkin to submit to mechanical restraints and vacate his cell. Defendant Talbot contends that his actions were, at all times, reasonable and necessary, and that the force used to restrain Mr. Larkin constituted a good-faith effort to maintain or restore discipline. Defendant Talbot denies that he acted wrongly and expressly denies violating any of Plaintiff's constitutional rights. Defendant Talbot specifically denies that he used excessive force to restrain Mr. Larkin at the Westville Correctional Facility on April 10, 2018. He denies that he slammed Mr. Larkin's head into the ground, and he denies that he caused or contributed to cause any injuries to Mr. Larkin, including, but not limited to, Mr. Larkin's forehead or eyebrow.

Defendant Talbot further contends that he is entitled to qualified immunity from damages because his actions were objectively reasonable and did not violate clearly established principles of law. Finally, Defendant Talbot contends that, pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), Mr. Larkin, cannot challenge the findings of his disciplinary hearings and cannot recover damages against Defendant Talbot which might invalidate those disciplinary findings.

## VI.    CONTESTED ISSUES OF FACT

The parties are not in agreement regarding the contested issues of fact. The parties' positions are set forth below:

A. *Plaintiff.*

The contested issues of fact are as follows: (1) what force, if any, Defendant Talbot used upon Plaintiff; (2) whether Defendant Talbot's use of force was excessive given the circumstances at issue; and (3) Plaintiff's damages.

B. *Defendant Talbot.*

The contested issues of fact are as follows: (1) what force, if any, Defendant Talbot used

upon Plaintiff; (2) whether Defendant Talbot's alleged use of force, if any, after Plaintiff was subdued, was excessive given the circumstances at issue; (3) the cause of Plaintiff's alleged injuries; (4) the extent, if any, of Plaintiff's damages; and (5) whether Defendant Talbot's actions did not violate clearly established principles of law.

## VII.    CONTESTED ISSUES OF LAW

*A. Plaintiff.*

Plaintiff is filing several motions *in limine* that identify contested legal and evidentiary issues at trial.

*B. Defendant Talbot.*

Defendant Talbot is also filing several motions *in limine* that identify contested legal and evidentiary issues at trial. Additionally, the possible contested issues of law, which are anticipated to be resolved or narrowed via motion(s) in limine, include the following: (1) the extent, if at all, to which the holding in *Heck v. Humphrey,* 512 U.S. 477 (1994) bars Plaintiff from recovering damages against Defendant Talbot; (2) the extent, if at all, to which the holding in *Heck v. Humphrey,* 512 U.S. 477 (1994) bars Plaintiff from contesting that he was resisting the efforts of the cell extraction team to secure him using mechanical restraints, which resulted in the broken finger of one of the cell extraction team members; and (3) if Defendant Talbot is entitled to qualified immunity.

## VIII.   STIPULATIONS

1.      The parties stipulate that at the time of the incident in question, Plaintiff was an inmate at the Westville Correctional Facility.

2.      The parties further stipulate that in April 2018, Defendant Talbot was a correctional officer employed at the Westville Correctional Facility.

3.      The parties agree that, after any ruling(s) on filed motion(s) *in limine*, the parties will discuss and may propose additional pre-trial stipulations including, but not limited to, the authenticity of certain trial exhibits.

## IX.    WITNESS LISTS

A. *Plaintiff.*

Plaintiff's witnesses may include any or all of the following individuals:

1.      James Larkin;

2.      Calvin Bradford;

3.      Michael Bach;

4.      Andrew Krause;

5.      Tim Ryan;

6.      Geoffrey Talbot;

7.      Evin Eakins;

8.      James Bowen;

9.      Jeffrey Armstrong;

10.     Mark Sevier;

11.     Chad Cornett;

12.     Kevin Halloran;

13.     Alex McGowan;

14.     James Jackson, D.O.;

15.     Katherine Hutchinson, LPN;

16.     Corey McKinney;

17.     Gary Lewis;

18.    Thomas Carter;

19.    Jason Knocke;

20.    Trevor Spiegel;

21.    Richard S. Usdowski, MHP

22.    Michelle A. Boren, LMHC;

23.    William G. Hanson, RN;

24.    Barbara Eichman, M.D.;

25.    Janice C. West, LPN;

26.    Jody Kupferberg, NP;

27.    Jeanine A. Monnier, RN;

28.    Susan E. Downing, LPN;

29.    Jewell A. Kleege, MHP;

30.    Sharon Hert;

31.    Aaron Isby (DOC #892219);

32.    Darren Bailey (DOC #890610);

33.    Merle Webb (DOC #190542);

34.    Any Indiana Department of Corrections personnel identified in Plaintiff's Report of Disciplinary Hearing records, medical records, grievances, Shift reports, discovery responses, and/or other documents exchanged in discovery;

35.    Plaintiff's other health care providers as identified in his medical records;

36.    Any witnesses needed to authenticate any records, documents, and/or exhibits;

37.    All witnesses listed or called at trial by Defendant; and

38.    Any witnesses needed for impeachment or rebuttal.

B. *Defendant.*

Defendant's witnesses may include any or all of the following individuals:

1.    Defendant, Geoffrey Talbot;

2.    Calvin Bradford;

3.    James Bowen;

4.    Michael Bach;

5.    Andrew Krause;

6.    Tim Ryan;

7.    Evan Eakins;

8.    Jason Knocke;

9.    Trevor Spiegel;

10.    Alex McGowan;

11.    Jeffrey Armstrong;

12.    Mark Sevier;

13.    Chad Cornett;

14.    Kevin Halloran;

15.    Gary Lewis;

16.    Corey McKinney;

17.    Thomas Carter;

18.    Sharon Hert;

19.    Walter Miller

20.    James Bottorff;

21.    Bret Romeo;

22.     Chris Young;

23.     Katherine Hutchinson, LPN;

24.     James Jackson, D.O.;

25.     Jody Kupferberg, NP;

26.     Andrew Liaw, M.D.;

27.     Lynne Cody, RT;

28.     Janice West, LPN;

29.     Donna Larson, LPN;

30.     John Hicks;

31.     Any Indiana Department of Corrections personnel identified in Plaintiff's Report of Disciplinary Hearing records, medical records, grievances, Shift reports, discovery responses, and/or other documents exchanged in discovery;

32.     Plaintiff's other health care providers as identified in his medical records;

33.     Any witness needed to authenticate any records, documents, and/or exhibits;

34.     All witnesses listed or called at trial by Plaintiff; and

35.     Any witnesses needed for impeachment or rebuttal.

C.  *Applies Equally to both Parties.*

In the event that there are other witnesses to be called at trial, their names and addresses and the general subject matter of their testimony will be reported to opposing counsel, with copy to the Court, at least ten (10) days prior to trial. Such witnesses may be called at trial only upon leave of Court. This restriction shall not apply to rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

## X.   EXHIBIT LISTS

A. *Plaintiff's Exhibit List:*

Plaintiff's exhibits may include any or all of the following, subject to this Court's rulings on any of Defendant's objections and/or motions in limine (IDOC Bates Number/Dkt Number in parathesis where possible):

1.  X-Ray Requisition 4.23.2018 (IDOC 155);

2.  Westville Control Unit Supervisor Briefing 4.10.2018 (IDOC 23);

3.  Suicide Monitoring 5.15.2018 (IDOC 143-144);

4.  Suicide Monitoring 5.15.2018 (IDOC 141-142);

5.  Suicide Monitoring 5.15.2018 (IDOC 138-140);

6.  Suicide Monitoring 5.3.2018 (IDOC 150-151);

7.  Suicide Monitoring 4.24.2018 (IDOC 152-153);

8.  Suicide Monitoring 4.17.2018 (IDOC 165-166);

9.  Suicide Monitoring 4.16.2018 (IDOC 168-169);

10. Suicide Monitoring 4.16.2018 (IDOC 167);

11. Suicide Monitoring 4.15.2018 (IDOC 173-174);

12. Suicide Monitoring 4.15.2018 (IDOC 170-172);

13. Suicide Monitoring 4.14.2018 (IDOC 178-179);

14. Suicide Monitoring 4.14.2018 (IDOC 175-177);

15. Suicide Monitoring 4.13.2018 (IDOC 189-190);

16. Suicide Monitoring 4.13.2018 (IDOC 188);

17. Suicide Monitoring 4.13.2018 (IDOC 186-187);

18. Suicide Monitoring 4.13.2018 (IDOC 183-185);

19. Suicide Monitoring 4.13.2018 (IDOC 180-182);

20. Suicide Monitoring 4.12.2018 (IDOC 194-195);

21. Suicide Monitoring 4.12.2018 (IDOC 191-192);

22. Suicide Monitoring 4.11.2018 (IDOC 203-204);

23. Suicide Monitoring 4.11.2018 (IDOC 201-202);

24. Suicide Monitoring 4.11.2018 (IDOC 198-200);

25. Suicide Monitoring 4.11.2018 (IDOC 196-197);

26. Request for Health Care 7.20.2018 (IDOC 211)

27. Request for Health Care 6.8.2010 (IDOC 213);

28. Request for Health Care 4.16.2018 (IDOC 215);

29. Report of Use of Physical Force (IDOC 32);

30. Report of Use of Physical Force (IDOC 31);

31. Report of Use of Physical Force (IDOC 30);

32. Report of Use of Physical Force (IDOC 29);

33. Report of Use of Physical Force (IDOC 28);

34. Report of Use of Physical Force (IDOC 27);

35. Report of Use of Physical Force (IDOC 26);

36. Psychotherapy Visit 4.20.2018 (IDOC 160-161);

37. Psychotherapy Visit 4.20.2018 (IDOC 157-159);

38. Provider Visit 4.10.2018 (IDOC 205-206);

39. Photos (IDOC 1-4);

40. Nurse Visit 7.11.2018 (IDOC 97-98);

41. Nurse Visit 4.20.2018 (IDOC 156);

42. Nurse Visit 4.10.2018 (IDOC 207-209);

43. Meridian Radiology Report 4.23.2018 (IDOC 218);

44. Memo from Sgt. Talbot to Cpt. Lewis (IDOC 22);

45. Memo from Sgt. Bradford to Cpt. Lewis 4.10.2018 (IDOC 18);

46. Memo from Ofc. Ryan to Cpt. Lewis (IDOC 21);

47. Memo from Ofc. Krause to Cpt. Lewis (IDOC 20);

48. Memo from Ofc. Knocke to Cpt. Lewis 4.10.2018 (IDOC 19);

49. Memo from Bach to Cpt. Lewis 4.10.2018 (IDOC 17);

50. MAR (IDOC 217);

51. Letter from Larkin to Cornett (IDOC 14-15);

52. Larkin Restrictive Housing Documentation 7.13.2018 (IDOC 88-89);

53. IDOC Incident Report Form 4.10.2018 (IDOC 13);

54. Email to Bradford from Bowen re_Use of Force (IDOC 222-224);

55. Email to Bradford from Bowen re_hmmmm (use of force) (IDOC 219-221);

56. Email from Boren to Salyer et al re_Larkin (IDOC 297-299);

57. Email from Washington to Armstrong et al re_WCU Shift Report (IDOC 306-314);

58. Email from Talbot to Bowen re_Use of Force (Knocke) (IDOC 428-430);

59. Email from Nuckols to Wardens re_Daily Ops Report (IDOC 399-404);

60. Email from McKinney to Carter et al re_Cell Extraction Video (IDOC 320);

61. Email from McKinney to Cambe 3.15.2018 (IDOC 16);

62. Email from Lewis to Armstrong et al re_I Group Shift Report (IDOC 405-409);

63. Email from Hutchinson to Carter et al re_Larkin - Facial XRs (IDOC 319);

64. Email from Hert to Carter et al re_Cell Extraction Video (IDOC 305);

65. Email from Eakins to Lewis re_Larkin (IDOC 279);

66. Email from Eakins to Bowen re_Larkin (Photos) (IDOC 391-398);

67. Email from Eakins to Bowen re_Larkin (IDOC 334-341);

68. Email from Eakins to Boren et al re_WCU Shift Report (IDOC 283-285);

69. Email from Cornett to Mckinney et al re_Cell Extraction Video (IDOC 300-301);

70. Email from Cornett to Carter et al re_Cell Extraction Video (IDOC 315);

71. Email from Bradford to Bradford re_Physical Force (IDOC 225-227);

72. Email from Bradford to Bowen et al re_Larkin (IDOC 231-233);

73. Email from Bradford to Bach re_Larkin (IDOC 228-230);

74. Email from Boyd to Eakins re_WCU Shift Report I Group (IDOC 280-282);

75. Email from Boyd to Eakins re_Shift Report (IDOC 286-288);

76. Email from Bowen to Salyer et al re_WCU 4.19.2018 (IDOC 486-488);

77. Email from Bowen to Bottorff et al re_Clas A A-Pod (IDOC 316-318);

78. Email from Bowen to Bottorff et al re_Cell Extraction and Use of Force Forms (IDOC 238-264);

79. Email from Bowen to Armstrong et al re_all of the forms (IDOC 342-390);

80. Email from Bottorff to Armstrong et al re_K-Group Roster (IDOC 289-296);

81. Email from Boren to Salyer et al re_Larkin (IDOC 321-322);

82. Email from Boren to Salyer et al re_Larkin (IDOC 302-304);

83. Email from Bach to Eakins re_Cell Extraction (IDOC 265-267);

84. Email from Bach to Bowen re_Cell Extraction (IDOC 483-485);

85. Consent for Medical Surgery 12.4.19 (IDOC 489-499);

86. Consent for Medical Surgery (IDOC 216);

87. Chart Update 8.14.2018 (IDOC 61);

88. Chart Update 4.17.2018 (IDOC 163-164);

89. Chart Update 4.23.2018 (IDOC 154);

90. Cell Extraction Briefing (IDOC 24);

91. Authorization to Request Info 5.23.2018 (IDOC 214);

92. Annual Nurse Well Encounter 8.14.2018 (IDOC 59-60);

93. 7.27.2018 Nurse Visit Form (IDOC 79);

94. 7.26.2018 Admin Note (IDOC 80);

95. 7.13.2018 Restrictive Housing Documentation (IDOC 90-96);

96. 6.19.2018 Chart Update (IDOC 112);

97. 6.15.2018 Restrictive Housing Documentation (IDOC 113-114);

98. Video No. 1;

99. Larkin Answers to Interrogatories (Dkt. 86-5);

100.    Interrogatories to Defendants (Dkt. 67);

101.    Requests for Production to Defendants (Dkt. 69);

102.    Defendants' Responses to Plaintiffs Interrogatories (Dkt. 71);

103.    Defendants' Responses to Plaintiffs Requests for Production (Dkt. 72);

104.    Supplemental Response to Requests for Production (Dkt. 85);

105.    Deposition of James Larkin;

106.    Declaration of Evin Eakins and Exhibits;

107.    Declaration of Lt. Calvin Bradford;

108.    Declaration of Cpt. Jeffrey Armstrong;

109.    Declaration of James Larkin; and

110.    Video No. 2.

B. *Defendant's Exhibit List:*

Defendant's exhibits may include any or all of the following, subject to this Court's rulings on any of Plaintiff's objections and/or motions in limine (IDOC Bates Number/Dkt Number in parathesis where possible):

1.    Complete April 10, 2018, Report of Use of Physical Force by Geoffrey Talbot (including, but not limited to Dkt 72-1, pp. 163-164 "IDOC000359 to IDOC000360");

2.    Complete April 10, 2018, Westville Correctional Facility Memorandum by Geoffrey Talbot (including, but not limited to Dkt 72, p. 28 "IDOC00022");

3.    Complete April 10, 2018, Report of Use of Physical Force by Jason Knocke (including, but not limited to Dkt 72, p. 32 "IDOC00026"; Dkt 72-1, pp. 61-62 "IDOC000257 to IDOC000258");

4.    Complete April 10, 2018, Westville Correctional Facility Memorandum by Jason Knocke (including, but not limited to Dkt 72, p. 25 "IDOC00019");

5.    Complete April 10, 2018, Report of Use of Physical Force by Andrew Krause (including, but not limited to Dkt 72-1, pp. 169-170 "IDOC000365 to IDOC000366");

6.    Complete April 10, 2018, Westville Correctional Facility Memorandum by Andrew Krause (including, but not limited to Dkt 72, p. 26 "IDOC00020");

7.    Complete April 10, 2018, Incident Report forms by Andrew Krause (including, but not limited to Dkt 72, p. 19 "IDOC00013"; Dkt 72-1, pp. 53-54 "IDOC000249 to IDOC000250"; Dkt 72-1, pp. 97-98 "IDOC000293 to IDOC000294" );

8.    Complete April 10, 2018, Report of Use of Physical Force by Calvin Bradford (including, but not limited to Dkt 72-1, pp. 30-31 "IDOC000226 to IDOC000227");

9.      Complete April 10, 2018, Westville Correctional Facility Memorandum by Calvin Bradford (including, but not limited to Dkt 72, p. 24 "IDOC00018");

10.     Complete April 10, 2018, Report of Use of Physical Force by Tim Ryan (including, but not limited to Dkt 72-1, pp. 159-160 "IDOC000355 to IDOC000356");

11.     Complete April 10, 2018, Westville Correctional Facility Memorandum by Tim Ryan (including, but not limited to Dkt 72, p. 27 "IDOC00021");

12.     Complete April 10, 2018, Report of Use of Physical Force by James Bowen (including, but not limited to Dkt 72-1, pp. 167-168 "IDOC000363 to IDOC000364");

13.     Complete April 10, 2018, Incident Report form by James Bowen regarding incident with Ofc. McGowan and Mr. Larkin (including, but not limited to Dkt 72-1, p. 121 "IDOC000317");

14.     Complete April 10, 2018, Incident Report form by James Bowen regarding the April 10, 2018, cell extraction (including, but not limited to Dkt 72-1, pp. 55-56 "IDOC000251 to IDOC000252");

15.     Complete April 10, 2018, Report of Use of Physical Force by Michael Bach (including, but not limited to Dkt 72-1, pp. 165-166 "IDOC000361 to IDOC000362");

16.     Complete April 10, 2018, Westville Correctional Facility Memorandum by Michael Bach (including, but not limited to Dkt 72, p. 23 "IDOC00017");

17.     Complete April 10, 2018, Report of Use of Physical Force by Trevor Spiegel (including, but not limited to Dkt 72-1, pp. 161-162 "IDOC000357 to IDOC000358");

18.     Complete April 10, 2018, Westville Control Unit Cell Extraction Recorder Notes (including, but not limited to Dkt 72-1, p. 175 "IDOC000371");

19.     Complete April 10, 2018, Cell Extraction Debriefing form (including, but not

limited to Dkt 72-1, p. 177 "IDOC000373");

20.    Complete April 10, 2018, Cell Extraction Briefing & Pepper Ball SA-200 form (including, but not limited to Dkt 72, p. 30 "IDOC00024");

21.    Complete April 10, 2018, Westville Control Unit Shift Supervisor Briefing form (including, but not limited to Dkt 72, p. 29 "IDOC00023");

22.    Complete April 10, 2018, OC Administrative Warning form (including, but not limited to Dkt 72-1, p. 173 "IDOC000369");

23.    WCU Daily Shift Reports for April 10, 2018 (including, but not limited to Dkt 72-1, pp. 85-86, 88-89, 91-92, 94-96 "IDOC000281 to IDOC000282" and "IDOC000284 to IDOC000285" and "IDOC000287 to IDOC000288" and "IDOC000290 to IDOC000292");

24.    WCU Daily Shift Reports for April 11, 2018 (including, but not limited to Dkt 72-1, pp. 111-112 "IDOC000307 to IDOC000308");

25.    WCU Daily Shift Reports for April 19, 2018 (including, but not limited to Dkt 72-1, pp. 291-292 "IDOC000487 to IDOC000488");

26.    Complete April 10, 2018, Report of Conduct form by Andrew Krause (including, but not limited to Dkt 72, p. 31 "IDOC00025");

27.    Letter from James Larkin to "Major Cornett," dated April 19, 2018 (including but not limited to Dkt 72, pp. 20-21 "IDOC00014 to IDOC00015");

28.    Complete Suicide Companion Program – Companion Watch Report for Mr. Larkin (including, but not limited to Dkt 72-1, pp. 113-118 "IDOC000309 to IDOC000314);

29.    History of Grievances for Offender James Larkin (including, but not limited to Dkt 72, p. 11 "IDOC0005");

30.    Complete Offender Grievance(s), Offender Grievance Response Report(s),

Grievance Appeal(s), and other grievance-related documents (including, but not limited to Dkt 72, pp. 2-7 "IDOC0006 to IDOC00011");

31.     Defendants' Answers to Plaintiff's Interrogatories (including, but not limited to Dkt 71, *et seq.*);

32.     Defendants' Responses to Plaintiff's Requests for Production (including, but not limited to Dkt 72, *et seq.*);

33.     Photographs of Mr. Larkin taken on April 10, 2018 (including, but not limited to Dkt 72, pp. 7-10 "IDOC0001 to IDOC0004");

34.     Photographs of Ofc. Alex McGowan taken on April 10, 2018 (including, but not limited to Dkt 72-1, pp. 65-66, 68 "IDOC000261 to IDOC000262 and IDOC000264");

35.     Plaintiff's Answers to Interrogatories (including, but not limited to Dkt 86-5);

36.     Plaintiff's Responses to Requests for Production (no Dkt available);

37.     Deposition transcript of Robert Evans (including, but not limited to Dkt 86-1);

38.     Redacted Indiana Department of Correction Critical Incident Reports form (including, but not limited to Dkt 72-1, opp. 204-208 "IDOC000400 to IDOC000404");

39.     Redacted List of "Offenders Incarcerated as of 04/06/2020 with a History of Staff Assault (Conduct Numbers 100, 102, 103, 108, and 117)" (including, but not limited to Dkt 72-1, pp. 228-229 "IDOC000424 to IDOC000425");

40.     Redacted Westville Correctional Facility A.M. Shift Roster for April 10, 2018 (including, but not limited to Dkt 72-1, p. 213 "IDOC000409");

41.     Medical Records of James Larkin (including, but not limited to Dkt 72, pp. 39-200 "IDOC00035 to IDOC000196" and Dkt 72-1, pp. 1-22 "IDOC000197 to IDOC000218");

42.     Email correspondence and Adult Mental Health Orders from April 10-13, 2018

(including, but not limited to Dkt 72-1, pp. 101-103 "IDOC000297-IDOC000299");

43. All documents produced by James Larkin in support of his Motion for Summary Judgment (including, but not limited to Dkt 79-1);

44. All documents produced by James Larkin in opposition to Defendants' Motion for Summary Judgment (including, but not limited to Dkt 90-1);

45. Defendants' Answers to Plaintiff's Interrogatories (including, but not limited to Dkt 71);

46. Defendants' Responses to Plaintiff's Requests for Production (including, but not limited to Dkt 72, Dkt 72-1, Dkt 85);

47. All documents, photographs, and/or other exhibits produced by Defendants in response to Plaintiff's discovery requests (including, but not limited to Dkt 71, Dkt 72, Dkt 72-1, Dkt 85);

48. Declaration of Evin Eakins filed in support of Defendants' Motion for Summary Judgment (including, but not limited to Dkt 86-2);

49. Declaration of Calvin Bradford filed in support of Defendants' Motion for Summary Judgment (including, but not limited to Dkt 86-3);

50. Declaration of Jeffrey Armstrong filed in support of Defendants' Motion for Summary Judgment (including, but not limited to Dkt 86-4);

51. Report of Disciplinary Hearing and supporting documentation regarding April 10, 2018, incident with Ofc. McGowan and Mr. Larkin;

52. Report of Disciplinary Hearing and supporting documentation regarding April 10, 2018, cell extraction;

53. Redacted Cell Extraction Surveillance video/audio from April 10, 2018, cell

extraction (including, but not limited to Dkt 73-1);

54. Taser Surveillance video/audio from April 10, 2018, cell extraction (including, but not limited to Dkt 73-1);

55. Certified abstract of Plaintiff, James Larkin's convictions;

56. Demonstrative exhibits of the protective shield, uniform, and/or other equipment utilized by the cell extraction team on April 10, 2018;

57. Any exhibit listed or used by Plaintiff;

58. Any exhibit(s) needed for the purpose of rebuttal or impeachment;

59. Affidavits or other documentation necessary for authentication of records, documents, and/or other exhibits/evidence;

60. All documents, recordings, or other evidence/exhibits subsequently discovery and identified by Defendant Talbot prior to trial which are not objectionable to Defendant Talbot; and

61. All documents, recordings, or other evidence/exhibits subsequently discovery and identified by Plaintiff, James Larkin, prior to trial which are not objectionable to Defendant Talbot.

## XI.  AMENDMENTS

No amendments to the pleadings are contemplated.

## XII.  TRIAL BRIEFS

The parties do not anticipate filing any trial briefs with the Court at this time. To the extent that any such briefing is requested or ordered by the Court, the parties will conform to the Court's request and/or order.

## XIII.  FORMULATION

This Pre-Trial Order was formulated after conference at which counsel for the respective parties have appeared. Reasonable opportunity has been afforded to counsel for corrections or

additions prior to signing by the Court. Hereafter, this Order will control the course of the trial and may not be amended except by consent of the parties and the Court or by order of the Court to prevent manifest injustice. The pleadings will be deemed merged herein.

## XIV.   SETTLEMENT

The parties previously engaged in a settlement conference on or about August 31, 2021, before Magistrate Judge Andrew P. Rodovich, which was unsuccessful. The parties do not believe that a second settlement conference would be productive, though they remain engaged in potential settlement discussions. The parties agree that they will advise the Court immediately if a settlement is reached or if they believe another settlement conference would be fruitful prior to trial.

## XV.   EXPECTED LENGTH OF TRIAL

The parties anticipate that the trial will last approximately five days. The case is set down for trial before a jury beginning on November 13, 2023, at 9:00 a.m. CST.

Respectfully submitted,

<table>
<tr><td>/s/ <i>Alan M. Kus</i></td><td>/s/ <i>Elliot Slosar</i></td></tr>
<tr><td>David J. Beach, #18531-45</td><td>Elliot Slosar, #6315750</td></tr>
<tr><td>Alan M. Kus, #31388-45</td><td>Margaret Campbell, #71824</td></tr>
<tr><td><i>Attorneys for Defendant, Geoffrey Talbott</i></td><td><i>Attorneys for Plaintiff, James Larkin</i></td></tr>
<tr><td><b>EICHHORN & EICHHORN, LLP</b></td><td><b>LOEVY & LOEVY</b></td></tr>
<tr><td>2929 Carlson Dr., Suite 100</td><td>311 N. Aberdeen, 3rd Floor</td></tr>
<tr><td>Hammond, IN 46323</td><td>Chicago, IL 60607</td></tr>
<tr><td>Telephone: (219)-931-0560</td><td>Telephone: (312) 243-5900</td></tr>
<tr><td>Facsimile: (219)-931-5370</td><td>Facsimile: (312) 243-5902</td></tr>
<tr><td>E-mail:  dbeach@eichhorn-law.com</td><td>E-mail:  elliot@loevy.com</td></tr>
<tr><td>         akus@eichhorn-law.com</td><td>         campbell@loevy.com</td></tr>
</table>

## <u>CERTIFICATE OF SERVICE</u>

I, Alan M. Kus, certify that on October 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the Case Management / Electronic Case Filing (CM / ECF) system maintained by the United States District Court for the Northern District of Indiana.

<u>/s/  Alan M. Kus                    </u>
Alan M. Kus
