UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES LARKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.   4:18-CV-65 |
| v. ) | |
| ) | HON. THERESA L. SPRINGMAN |
| GEOFFREY TALBOT, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, Geoffrey Talbot, by counsel, Eichhorn & Eichhorn, LLP, and pursuant to the Court's Order [ECF 123], herewith files his proposed jury instructions 1 through 10.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By:   /s/ *Alan M. Kus*
David J. Beach, #18531-45
Alan M. Kus, #31388-45
Attorneys for Defendant, Geoffrey Talbot

**EICHHORN & EICHHORN, LLP**
2929 Carlson Dr., Suite 100
Hammond, IN 46323
Telephone: (219)-931-0560
Facsimile:   (219)-931-5370
E-mail:   dbeach@eichhorn-law.com
           akus@eichhorn-law.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

Defendant, Geoffrey Talbot, is being sued as an individual. The State of Indiana, the Indiana Department of Correction, and the Westville Correctional Facility are not parties to this lawsuit.

GIVEN: _____

REFUSED: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

*Federal Civil Jury Instructions of the Seventh Circuit*, No. 7.01

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

Plaintiff must prove by a preponderance of the evidence that Defendant, Geoffrey Talbot, was personally involved in the conduct that Plaintiff complains about. You may not hold Defendant Talbot liable for what others did or did not do.

GIVEN: _____

REFUSED: _____

GIVEN AS
MODIFIED: _____

WITHDRAWN: _____

*Federal Civil Jury Instructions of the Seventh Circuit*, No. 7.02

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

To succeed on his claim of use of excessive force against Defendant, Geoffrey Talbot, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. That Defendant Talbot intentionally used force on Plaintiff;

2. That Defendant Talbot did so for the purpose of harming Plaintiff, and not in a good faith effort to maintain or restore security or order; and

3. That Defendant Talbot's conduct harmed Plaintiff. Plaintiff does not need to prove that he suffered a serious injury. If Defendant Talbot's use of force caused him pain, that is sufficient harm, even if Plaintiff did not require medical attention or did not have long lasting injuries.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff and against Defendant Talbot, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant Talbot, and you will not consider the question of damages.

In deciding whether Plaintiff has proved that Defendant Talbot used force for the purpose of harming Plaintiff, you should consider all of the circumstances. When considering all the circumstances, among the factors you may consider are: (1) the need to use force; (2) the relationship between the need to use force and the amount of force used; (3) the extent of Plaintiff's injury; (4) whether Defendant Talbot reasonably believed there was a threat to the safety of staff or prisoners; (5) any efforts made by Defendant Talbot to limit the amount of force used; and whether Defendant Talbot was acting pursuant to a policy or practice of the prison that in the reasonable judgment of prison officials was needed to preserve security or order.

Defendant Talbot, as an officer, is entitled to use some force if a prisoner disobeys a valid command. You may still consider, however, whether the amount of force used was excessive.

GIVEN: _____

REFUSED: _____

GIVEN AS
MODIFIED: _____

WITHDRAWN: _____

*Federal Civil Jury Instructions of the Seventh Circuit*, No. 7.18 (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

Calvin Bradford, Andrew Krause, Michael Bach, Tim Ryan, Mark Sevier, Chad Cornett, Kevin Halloran, Michelle Boren, Evin Eakins, and Jeffrey Armstrong, are no longer defendants to this case. You should not consider any claims against Calvin Bradford, Andrew Krause, Michael Bach, Tim Ryan, Mark Sevier, Chad Cornett, Kevin Halloran, Michelle Boren, Evin Eakins, and Jeffrey Armstrong. Do not speculate on the reasons. You should decide this case as to Defendant, Geoffrey Talbot, only.

GIVEN: _____

REFUSED: _____

GIVEN AS
MODIFIED: _____

WITHDRAWN: _____

*Federal Civil Jury Instructions of the Seventh Circuit*, No. 1.26 (modified).

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

GIVEN: _____

REFUSED: _____

GIVEN AS
MODIFIED: _____

WITHDRAWN: _____

*Federal Civil Jury Instructions of the Seventh Circuit*, No. 1.27.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

You have heard evidence that James Larkin has been convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

GIVEN: _____

REFUSED: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

*Federal Civil Jury Instructions of the Seventh Circuit*, No. 2.11

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

If you decide for the Defendant, Geoffrey Talbot, on the question of liability, then you should not consider the question of damages.

GIVEN: _____

REFUSED: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

*Federal Civil Jury Instructions of the Seventh Circuit*, No. 1.31.

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**

In determining whether Defendant, Geoffrey Talbot, used excessive force on Mr. Larkin, you should consider whether Defendant Talbot intended to inflict unnecessary pain and suffering, that is, whether the force he used was used in a good faith effort to maintain or restore discipline, or whether it was used maliciously and sadistically for the very purpose of causing harm.

GIVEN: _____

REFUSED: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

*Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)
*Kinney v. Indiana Youth Center*, 950 F.2d 462 (7th Cir. 1991)
*Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 764 (7th Cir. 2021)

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

An inmate cannot refuse to comply with a direct order from a correctional officer, and if he does, the officer is justified in using some level of force to obtain his compliance.

GIVEN: _____

REFUSED: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

*Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009)
*Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)
*Scruggs v. West*, 2016 WL 6083522, at *1 (N.D.Ind. Oct. 18, 2016)
*Siers v. McGuire*, 2015 WL 379221, at *1 (N.D.Ind. Jun. 15, 2015)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at that moment applies. Not every push or shove, even if it may later seem unnecessary, violates the Constitution. The determination of reasonableness must allow for the fact that officers are often forced to make split-second judgments– in circumstances that are tense, uncertain and rapidly evolving– about the amount of force that is necessary in a particular situation.

GIVEN: _____

REFUSED: _____

GIVEN AS MODIFIED: _____

WITHDRAWN: _____

*Graham v. Connor*, 490 U.S. 386, 396 (1989)
*Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 726 (7th Cir. 2013)

## **CERTIFICATE OF SERVICE**

I, Alan M. Kus, certify that on October 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the Case Management / Electronic Case Filing (CM / ECF) system maintained by the United States District Court for the Northern District of Indiana.

*/s/   Alan M. Kus*
Alan M. Kus