**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION**

| | | |
|---|---|---|
| JAMES LARKIN**.,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:18-CV-65 |
| | ) | |
| v. | ) | HON. THERESA L. SPRINGMANN |
| GEOFFREY TALBOT, et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

## FUNCTIONS OF THE COURT AND THE JURY[1]

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Plaintiff's Proposed Jury Instruction No. 1**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.01

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

_____

[1] The proposed instructions are agreed unless they are marked as "objected to."

## LITIGANTS EQUAL BEFORE THE LAW

In this case, Plaintiff James Larkin is a private citizen, and Defendant Geoffrey Talbot is or was a governmental official. All parties are equal before the law. All parties in this case are entitled to the same fair consideration. You are not to afford any more credibility to statements made by a witness or a party because he was or is a governmental official, and you are not to afford any less credibility to statements made by a witness or a party because he is a private citizen.

**Plaintiff's Proposed Jury Instruction No. 2**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.03 (modified); Dkt. 887 Dkt. 887 at 3 (Jury Instruction on fair consideration to all parties), given in June 2021 in *Andersen v. City of Chicago*, 16-cv-1963 (N.D. Ill.) (Kendall, J.).

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

**Plaintiff's Proposed Jury Instruction No. 3**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.04

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## DEPOSITION AND OTHER PRIOR TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions [other prior sworn testimony] or by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**Plaintiff's Proposed Jury Instruction No. 4**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.05

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

**Note:** Whether the bracketed language is included depends on the Court's rulings on the parties' objections to deposition and prior criminal testimony designations.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Plaintiff's Proposed Jury Instruction No. 5**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.06

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Plaintiff's Proposed Jury Instruction No. 6**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.07

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Plaintiff's Proposed Jury Instruction No. 7**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.08

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 8**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.11

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Plaintiff's Proposed Jury Instruction No. 9**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.12

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

**Plaintiff's Proposed Jury Instruction No. 10**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.16

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Plaintiff's Proposed Jury Instruction No. 11**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.18

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Plaintiff's Proposed Jury Instruction No. 12**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.17

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Plaintiff's Proposed Instruction No. 13** (IF NECESSARY)

Source: Seventh Circuit Pattern Civil Jury Instruction 1.02

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Plaintiff's Proposed Jury Instruction No. 14** (IF NECESSARY)

Source: Seventh Circuit Pattern Civil Jury Instruction 1.09

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a party, or a witness under oath, before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Plaintiff's Proposed Jury Instruction No. 15**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.14 (modified to add commas around "or a witness under oath").

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DEMONSTRATIVE EXHIBITS

Certain diagrams, sketches, and charts have been shown to you. Those materials are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Plaintiff's Proposed Jury Instruction No. 16**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.24

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the witness's age;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Plaintiff's Proposed Jury Instruction No. 17**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.13

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## USE OF INTERROGATORIES

Evidence may be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

**Plaintiff's Proposed Jury Instruction No. 18**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 2.09

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Plaintiff's Proposed Jury Instruction No. 19**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.27

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

### THE PARTIES AND THE CLAIMS

The plaintiff in this case is James Larkin. I will refer to him as the Plaintiff. The defendant in this case is Geoffrey Talbot. I will refer to him as the Defendant. Plaintiff claims that Defendant Talbot violated his civil rights by using excessive force. Defendant Talbot denies Plaintiff's claim.

**Plaintiff's Proposed Jury Instruction No. 20**

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

## FIRST CLAIM: EXCESSIVE FORCE

Plaintiff's claim is that Defendant Talbot used excessive force against James Larkin, violating the Eighth Amendment to the United States Constitution.

To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant Talbot intentionally used force on Plaintiff.

2. Defendant Talbot did so for the purpose of harming Plaintiff, and not in a good faith effort to maintain or restore security or order.

3. Defendant Talbot's conduct harmed Plaintiff.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you should find for Plaintiff and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you should find for Defendant Talbot.

In deciding whether Plaintiff has proved that Defendant used force for the purpose of harming Plaintiff, you should consider all of the circumstances. When considering all the circumstances, among the factors you may consider:

-the need to use force

-the relationship between the need to use force and the amount of force used

-the extent of Plaintiff's injury

-whether Defendant reasonably believed there was a threat to the safety of staff or prisoners

-any efforts made by Defendant to limit the amount of force used.

**Plaintiff's Proposed Jury Instruction No. 21**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source*: Seventh Circuit Pattern Jury Instruction 7.18 (*modified*)

## AN OFFICER MAY NOT UNREASONABLY CREATE A NEED FOR FORCE

Your consideration of whether Defendant Talbot's use of force was reasonable is not limited to the precise moment that Defendant Talbot used force against Plaintiff. Rather, you may assess the sequence of events leading up to the use of force because the reasonableness of Defendant Talbot's action is evaluated in light of the totality of the circumstances.

The actions of Defendant Talbot that led up to his use of force are relevant, and you may therefore consider whether Defendant Talbot's own conduct unreasonably created an encounter that caused him to use force against James Larkin.

### Plaintiff's Proposed Jury Instruction No. 22
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source*: *Estate of Starks v. Enyart*, 5 F.3d 230, 234 (7th Cir. 1993) (use of deadly force not justified where officers own actions created the permissive use of deadly force, and fact finder must determine whether officer "unreasonably created the encounter that ostensibly permitted the use of deadly force to protect him[self]"); *Brown v. Blanchard*, 31 F.Supp.3d 1003, 1010 (E.D. Wis. 2014) (noting that "an officer who shoots a suspect in an effort to protect himself cannot escape liability if the danger he faced was created by his own unreasonable conduct") (citing *Enyart*, 5 F.3d at 234); *Flint v. City of Milwaukee*, 91 F.Supp.3d 1032 (E.D. Wis. 2015) (describing authority that reasonableness of officer's actions include a consideration of whether the officer "created the situation that necessitated the use of force, and then further acted unreasonably by forging ahead instead of waiting for" assistance); *Estate of Thurman v. City of Milwaukee*, 197 F. Supp. 2d 1141, 1148 (E.D. Wis. 2002)("An officer who shoots a suspect in an effort to protect himself cannot escape liability if the danger he faced was created by his own unreasonable conduct."); *id.* at 1151 (noting that liability in deadly force case can be found where "a reasonable police officer would have known that it was unreasonable to precipitate a physical confrontation with a nonviolent and unarmed offender without calling for backup," and without identifying himself as an officer"); *Williams v. Indiana State Police Department*, 797 F.3d 468 (7th Cir. 2015) ("The sequence of events leading up to the seizure is relevant because the reasonableness of the seizure is evaluated in light of the totality of the circumstances. . . . The circumstances known by Blanchard, or even created by him, inform the determination as to whether the lethal response was an objectively reasonable one."); *Deering v. Reich*, 183 F.3d 645, 649 (7th Cir. 1999) ("The totality of the circumstances cannot be limited to the precise moment when [the officer] discharged his weapon.").

**EGGSHELL PLAINTIFF**

If you find in favor of Plaintiff on his claim against Defendant Talbot, you must award damages for the harm caused by Defendant Talbot's actions, even if James Larkin was more vulnerable to that harm than other individuals in the same situation might have been. For example, if you believe that James Larkin was suffering from any medical conditions, including mental health conditions, prior to his encounter with Defendant Talbot on April 10, 2018, and that as a result of those medical conditions, the actions of Defendants caused James Larkin to suffer more significant injuries than he would have if he had not been suffering from those medical conditions, then Plaintiff is entitled to damages for all of the injuries that were caused by Defendants' actions, regardless of whether the extent of those injuries was foreseeable to Defendant Talbot at the time force was used.

**Plaintiff's Proposed Jury Instruction No. 23**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Lancaster v. Norfolk and Western Ry. Co.*, 773 F.2d 807, 823 (7th Cir. 1985) (courts should give eggshell plaintiff jury instruction where plaintiff was already at risk for mental health episode); *Thomas v. Ford Motor Co.*, 2019 WL 1293605, at *1 (E.D. Wisc. Mar. 21, 2019) (explaining that defendant if defendant caused the injuries complained of, and the injury was a natural consequence of the actions, the defendant is liable, although plaintiff's condition may have aggravated the injury).

## DAMAGES

The plaintiff is requesting compensatory and punitive damages.

If you find in favor of the plaintiff, then you will go on to consider the question of damages.

If you find in favor of defendant on plaintiff's claim, then you will not consider the question of damages.

**Plaintiff's Jury Instruction No. 24**

_____ Given
_____ Rejected
_____ Withdrawn
___ __  Objected to

## COMPENSATORY DAMAGES

If you find in favor of Plaintiff on one or more of her claims, you must determine the amount of money that will fairly compensate the Plaintiff for any injury sustained as a direct result of Defendants' wrongful conduct. These are called "compensatory damages."

Plaintiff must prove damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. That does not mean, however, that compensatory damages are restricted to the actual loss of money, for they also include both the physical and emotional aspects of injury, even if they are not easy to measure.

When evaluating the amount of money that will fairly compensate the Plaintiff, you should consider the following types of compensatory damages. For each of these types of compensatory damages, you should only award damages if Plaintiff has proved by a preponderance of the evidence that the injury was caused by Defendants' conduct.

You should consider any physical injuries, and mental or emotional pain and suffering that Mr. Larkin has experienced and is likely to experience in the future. No evidence of the dollar value of these injuries has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Larkin for any injury he has sustained.

**Plaintiff's Proposed Jury Instruction No. 25**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## PUNITIVE DAMAGES

In addition to compensatory damages, you may, but are not required to, assess punitive damages against Defendant Talbot if you find him liable.

The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the particular Defendant that you are considering. You may assess punitive damages only if you find that the Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the other party. Conduct is in reckless disregard of a person's rights if, under the circumstances, it reflects complete indifference to the person's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

**Plaintiff's Proposed Jury Instruction No. 26**

Source: Seventh Circuit Pattern Civil Jury Instruction 7.28.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## FINAL INSTRUCTIONS

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

All of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**Plaintiff's Proposed Jury Instruction No. 27**

Source: Seventh Circuit Pattern Jury Instructions 1.32, 1.33, 134 (modified).

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

# [PROPOSED] VERDICT FORM

## SECTION I: LIABILITY

We, the jury, find as follows:

**(Check one and only one of the two choices.)**

**Claim No. 1—On Plaintiff's Eighth Amendment claim of excessive force against Defendant Talbot:**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Geoffrey Talbot | _____ | _____ |

## SECTION II: DAMAGES

1. **Compensatory Damages**

   We award Plaintiff compensatory damages in the amount of:

   $ _____.

2. **Punitive Damages**

   If you have awarded compensatory damages, you may, but are not required to, award punitive damages.

   We award Plaintiff punitive damages against **Geoffrey Talbot** in the amount of:

   $ _____.

DATED: October 10, 2023

Respectfully submitted,

s/ Margaret Campbell
One of Plaintiff's Attorneys

Elliot Slosar
Margaret Campbell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

<u>**CERTIFICATE OF SERVICE**</u>

I, Elliot Slosar, an attorney, hereby certify that on October 10, 2023, I filed the foregoing

motion using the Court's CM/ECF system, which effectuated service on all counsel of record.

/s/ Margaret Campbell
*One of Plaintiff's Attorneys*