**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION**

| | | |
|---|---|---|
| JAMES LARKIN., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:18-CV-65 |
| | ) | |
| v. | ) | HON. THERESA L. SPRINGMANN |
| GEOFFREY TALBOTT, et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE**
**TO CONDUCT LIMITED DISCOVERY PRIOR TO TRIAL**

Plaintiff JAMES LARKIN, by his attorneys, respectfully moves *in limine* to bar certain

evidence and argument from his upcoming trial against Defendant Talbot. In support, Plaintiff

states as follows:

### I.        Motion *in Limine* No. 1 Barring Prior Bad Acts

The issue for trial is whether Defendant Talbot violated Plaintiff's constitutional rights by

unnecessarily slamming his head into the ground. This issue will be contested at trial, and the

jury will have to wrestle with an ample body of disputed facts in resolving the issue. The jury

should not be sidetracked by any of Plaintiff's previous criminal or prison disciplinary history. In

other words, Defendants may not try to smear Defendants' character or suggest that Defendant

Talbot's force was warranted because of any prior "bad acts" by Plaintiff.

Case law in this Circuit and elsewhere is very clear that prior bad acts are generally

inadmissible. Fed. R. Evid. 404(a)(1), (b)(1); *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th

Cir. 2013) ("The well-established, general rule is that a witness's credibility may not be

impeached by evidence of his or her prior arrests, accusations, or charges."). This is especially

true in Section 1983 cases, where there is a danger that unsympathetic background facts could

1

make it difficult for civil rights plaintiffs to get a fair hearing on important constitutional claims.

*Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990) ("We are mindful of our duty to ensure that

this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts

against them."). Applying those principles here, references to any bad acts evidence by Plaintiff

should be inadmissible at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order to bar all

evidence about prior "bad acts."

**II.      Motion *in Limine* No. 2 Barring Plaintiff's Grievance Filed with the Prison**

Plaintiff filed a grievance with the prison after the excessive force incident with

Defendant Talbot and the other officers. Ex. 1, IDOC 6-12.  The prison did not sustain the

grievance.[1] Id.

Evidence about Plaintiff's grievance and the outcome of the grievance process must be

excluded from trial. Grievances are inadmissible hearsay. *Smith v. Lashbrook*, 2022 WL

4314900, at *2 (S.D. Ill. Sept. 19, 2022); *Cunningham v. Jenkins*, 2021 WL 2686438, at *5 (S.D.

Ill, June 30, 2021); *Williams v. Mary Diane* Schwarz, 2018 WL 2463391, at *10 (N.D. Ill. June

1, 2018). The grievance process and its outcome are also highly prejudicial to Plaintiff and

confusing to the jury.  The jury must decide whether Defendant Talbot inflicted unnecessary pain

and suffering on Plaintiff. *McCottrell v. White*, 933 F.3d 651, 672 (7th Cir. 2019). The jury

learning that the prison concluded, based on a different standard of proof, that "there is no

indication that staff acted inappropriately" is confusing and highly prejudicial. The jury will be

---

[1] Defendant Talbot's exhibit list also references a "Report of Disciplinary Proceeding."
Defendant Talbot provided no citation for this report, and Plaintiff assumes he is referring to
Plaintiff's grievance.  Regardless, any results of a prison grievance or disciplinary process should
be barred as inadmissible hearsay.

presented with the available facts, and must reach its own conclusion independent of the prison grievance process.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order to bar all evidence about Plaintiff's grievance and the outcome of the prison grievance process.

### III.    Motion *in Limine* No. 3 Barring Evidence Pertaining to Gang Affiliation

Defendants should not be permitted to question Plaintiff about any potential gang affiliation at trial, including asking Plaintiff about any of his tattoos. Gang evidence is enormously prejudicial. "Our Court of Appeals has repeatedly recognized 'the insidious quality' of evidence of gang membership as well as 'the damage it can do.'" *Finley v. Lindsay*, 1999 WL 608706, at *1-*2 (N.D. Ill. Aug. 5, 1999), citing *United States v. Sargent*, 98 F.3d 325, 328 (7th Cir. 1996). Because there is a "substantial risk of unfair prejudice attached to gang affiliation evidence," courts must closely scrutinize its admissibility. *United States v. Irvin*, 87 F.3d 860, 864-67 (7th Cir. 1996) (citing a substantial "danger of unfair prejudice" in that "[g]angs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior. ") "There is therefore always the possibility that a jury will attach a propensity for committing crimes to [witnesses] who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict." *Id.* ("Guilt by association is a genuine concern whenever gang evidence is admitted.").

As such, gang evidence is frequently excluded altogether. *Charles v. Cotter*, 867 F. Supp. 648, 657-58 (N.D. Ill. 1994) ("Identifying Charles as a gang member is unfairly prejudicial insofar as it encourages the inference that Charles is an evil and menacing person. Because the court finds that the prejudicial effect of evidence of Charles' gang affiliation substantially outweighs its probative value, Charles' motion to exclude any such evidence is granted.");

*Finley*, 1999 WL 608706, at \*1-\*2 (excluding gang evidence due to "the highly prejudicial nature of gang affiliation"); *Smith v. Hunt*, 08 C 6982, 2011 WL 9737 (N.D. Ill. Jan. 3, 2011) (barring reference to the Defendants gang officers because any mention of gang activity in Chicago is prejudicial and risked inflaming the jury), *aff'd*, 707 F.3d 803 (7th Cir. 2013).

Here, any evidence or suggestion of gang affiliation would be highly prejudicial. Gangs have no relevance to the excessive force issue the just must decide.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order to bar all references to gangs, including Plaintiff's tattoos.

IV.    **Motion *In Limine* No. 4 To Bar Reference To Claims No Longer In The Case And To Former Defendants**

Plaintiff's operative complaint in this case includes claims and defendants who after summary judgment will no longer be in the case. It would be prejudicial to Plaintiff if the jury were to hear about parties that were formerly defendants to this lawsuit but who no longer are, or about legal claims that are no longer in dispute, because it would invite unfounded speculation among jurors about why those claims are no longer in the case. It would be still more prejudicial to Plaintiff if the defense were allowed to "try an empty chair" by suggesting to the jury that former defendants *should* now be a party of this action. Moreover, whether an individual was previously a defendant or should be named as a defendant has no probative value to the central issues in this lawsuit, which is whether Defendant Talbot used excessive force against Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order to bar all references to claims no longer in the case and to former defendants.

4

V.    **Motion *in Limine* No. 5 Barring Testimony about Defendant or Officer Prior Commendations, Awards or Positive Employment History**

Plaintiff moves *in limine* for an order barring Defendants from introducing evidence of their own good character, including commendations, awards, and positive employment history. Defendants may seek to introduce evidence of their "good character" by reference to prior work-related commendations, awards, complimentary history, or performance reviews. Plaintiff objects to this attempt to interject good character evidence into the trial. Rule 404(a) could not be clearer that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). Evidence of commendations and awards could not be relevant to an issue in this trial other than to suggest that Defendants conducted themselves as model officers. The evidence is irrelevant for that purpose *per se*.

Courts have repeatedly barred precisely this same type of evidence in trials alleging constitutional violations. *See, e.g.*, *Charles v. Cotter*, 867 F. Supp. 648, 659 n.6 (N.D. Ill. 1994) (granting motion *in limine* and explaining that "the court strongly suspects that evidence of defendants' commendations, awards or honors could only serve the improper function of providing evidence of defendants' character for the purpose of proving action in conformity therewith on the night in question."); *White v. Gerardot*, 2008 WL 4724000, at *2 (N.D. Ind. Oct. 24, 2008) (granting motion *in limine* to bar evidence of officer's awards as irrelevant); *Graham v. Bennett*, 2007 WL 781763, at *3 (C.D. Ill. Mar. 12, 2007) (barring evidence of officer's awards and commendations, because such "evidence would be more prejudicial than probative to the issue of whether Defendant used excessive force on the night in question. Evidence of prior commendations could serve the improper function of providing evidence of

action in conformity with Defendant's prior good performance on the police force."). The same

is true here.

WHEREFORE, Plaintiff respectfully requests an order barring Defendants from

introducing evidence of their own good character, including commendations, awards, and

positive employment history.

VI.    **Plaintiff's Motion *In Limine* No. 6 To Bar Arguments Appealing To Jurors' Pecuniary Interests As Taxpayers**

The Seventh Circuit has long held that arguments that play on jurors' pecuniary interests

are unquestionably unacceptable. *United States v. Scott* explains that because pecuniary interests

would necessarily disqualify a prospective juror from service, it is "patently improper to make an

appeal to that interest" at trial. 600 F.2d 1145, 1170 (7th Cir. 1981); *see also Moore ex rel.Estate*

*of Grady v. Tulja*, 546 F.3d 423, 430 (7th Cir. 2008) (remarking that an appeal to the financial

interests of jurors as taxpayers is "of course" generally improper). All such similar arguments

should be barred.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order to bar all

argument appealing to jurors' pecuniary interests.

DATED: October 10, 2023

Respectfully submitted,

s/ Margaret Campbell

One of Plaintiff's Attorneys

Elliot Slosar
Margaret Campbell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

## CERTIFICATE OF SERVICE

I, Margaret Campbell, an attorney, hereby certify that on October 10, 2023, I filed the foregoing motion using the Court's CM/ECF system, which effectuated service on all counsel of record.

/s/ Margaret Campbell
*One of Plaintiff's Attorneys*