IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| JAMES LARKIN., | ) |
| Plaintiff, | ) CASE NO. 4:18-CV-65 |
| v. | ) HON. THERESA L. SPRINGMANN |
| GEOFFREY TALBOTT, et al. | ) |
| Defendants | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT TALBOT'S MOTIONS *IN LIMINE*** 

Plaintiff JAMES LARKIN, by his attorneys, respectfully moves *in limine* to bar certain evidence and argument from his upcoming trial against Defendant Talbot. In support, Plaintiff states as follows:

### I. Defendant Talbot's Motion *in Limine* No. 1 Seeking to Bar IDOC Insurance or Indemnification

Plaintiff does not oppose.

### II. Defendant Talbot's Motion *in Limine* No. 2 Seeking to Bar State Law Tort Claims

As reflected in the Proposed Pre-Trial Order, Plaintiff's claim at trial is that Defendant Talbot violated his Eighth Amendment rights by using excessive force. Plaintiff does not intend to assert additional state law tort claims at trial.

### III. Defendant Talbot's Motion *in Limine* Nos. 3, 5, 6, and 7 Seeking To Bar Evidence about Dismissed Defendants

First, Defendant Talbot seeks to bar evidence that Superintendent Mark Sevier, Major Chad Cornett, Lt. Kevin Halloran, and Mental Health Officer Boren caused or contributed to Plaintiff's injuries, that any pattern of physical abuse toward inmates occurred, or that there was any retaliation against Plaintiff. Dckt. 133 at 3.

1

In Motion *in Limine* No. 4, Defendant Talbot seeks to bar evidence about dismissed Defendants Eakin, Armstrong, and Ryan. Dckt. 133 at 4. In Motion *in Limine* No. 6, Defendant Talbot seeks to exclude evidence about former Defendants Krause and Bach. Id. at 6. In Motion *in Limine* No. 7, Defendant Talbot seeks to exclude evidence about dismissed Defendant Bradford. Id. at 7.

Plaintiff does not oppose Defendant Talbot's motion to bar evidence that these individuals were formerly defendants in this case. Indeed, Plaintiff's Motion *in Limine* No. IV seeks to bar evidence that any individual was dismissed as a defendant in this case.

However, to the extent that any of these individuals are relevant to the factual narrative at trial, Plaintiff can introduce evidence about their involvement and their personal knowledge. At trial, the jury must consider whether Defendant Talbot's use of force was applied in a good faith effort to maintain discipline or if it was used unnecessarily or gratuitously. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009); *Hendrickson v. Cooper*, 589 F.3d 887, 891 (7th Cir. 2009); *Kinney v. Ind. Youth Ctr.*, 950 F.2d 462, 465 (7th Cir. 1991). Relevant evidence includes safety threats to staff and other inmates, "as reasonably perceived by the responsible officials on the basis on of the facts known to them . . . ." *Id.*

Defendant Talbot's mental state, and the facts and circumstances leading up to Defendant Talbot's use of force, are relevant for the jury's consideration. *Pantaleo v. Hayes*, 2013 WL 5311450, at *12 (N.D. Ill. Sept. 20, 2013); *Lewis*, 581 F.3d at 477. To the extent that these individuals participated in or observed anything relevant, Plaintiff may present that evidence at trial.

Plaintiff is also entitled to present evidence about damages. Damages evidence includes evidence about Plaintiff's pain and suffering, mental anguish, discomfort, and loss of enjoyment

of life. *Hendrickson*, 589 F.3d at 893. If any of these dismissed Defendants have relevant knowledge, Plaintiff may elicit testimony from them about damages.

In sum, to the extent that any of the dismissed defendants have personal knowledge about events that transpired before and after Defendant Talbot's use of force that are relevant to Defendant Talbot's liability or Plaintiff's damages, Plaintiff is entitled to elicit that testimony. The Court should deny Defendant Talbot's Motions *in Limine* No. 3, 5, 6, and 7.

### IV. Plaintiff's Response to Defendant Talbot's Motion *in Limine* No. 4 Seeking to Bar Evidence about Pepper Spray Being Unjustified or Unconstitutional

In Motion *in Limine* No. 4, Defendant Talbot seeks to bar references to the use of pepper spray on Plaintiff being unconstitutional. Dckt. 133 at 4.

Plaintiff's Eighth Amendment claim is that Defendant Talbot's use of force on him was unconstitutional. He is not asserting a claim that the application of pepper spray was unconstitutional. The use of pepper spray is relevant, however, to Defendant Talbot's use of force. *See, e.g.*, *McCoy v. Mennerich*, 2023 WL 1782255, at *5-6 (S.D. Ill. Feb. 6, 2023); *Pantaleo v. Hayes*, 2013 WL 5311450, at *12 (N.D. Ill. Sept. 20, 2013); *Lewis*, 581 F.3d at 477. The evidence is relevant to Plaintiff's condition at the time Defendant Talbot slammed his head into the ground, and about the amount of force that was necessary to subdue him. Thus, the events preceding Defendant Talbot's use of force, including the application of pepper spray, are highly relevant and admissible at trial. The court should deny Defendant Talbot's Motion *in Limine* to the extent that it seeks to limit evidence about officers' use of pepper spray on Plaintiff.

> **V.     Plaintiff's Response to Defendant Talbot's Motion *in Limine* No. 8 to Bar Plaintiff from Presenting Evidence at Trial that Defendant Talbot's Use of Force was Excessive**

Defendant Larkin's Motion *in Limine* No. 8 seeks to bar "any testimony or other insinuation that Plaintiff did not resist the cell extraction or the cell extraction team." Dckt. 133 at 8. In essence, Defendant Talbot seeks to preclude Plaintiff from presenting evidence that would support the only claim that the jury is required to consider: whether Defendant Talbot used excessive force on Plaintiff given the totality of the circumstances. In support of this baseless motion, Defendant Talbot argues that "Plaintiff is precluded from testifying in such a manner or from raising such arguments because he was found guilty of two different conduct disciplinary violations associated with the events from April 10, 2018. Dckt. 133 at 8. For the reasons explained below, Defendant Talbot's motion must be denied.

Citing *Heck v. Humphrey*, Defendant Talbot argues that a civil claim implying the invalidity of "an outstanding conviction must be dismissed without prejudice because the claim does not accrue until the conviction has been set aside." Dckt. 133 at 9. First and fatal to Defendant Talbot's motion, Plaintiff has no conviction stemming from the underlying events. He was never criminally charged. And as a result, *Heck* has no relevance. *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008). This Court's inquiry can end here.

Second, Defendant Talbot cites *Johnson v. Rogers* for the proposition that a citizen cannot use Section 1983 to challenge an intact conviction. Yet, *Johnson* does not support Defendant Talbot's argument. As the Seventh Circuit explained in *Johnson*, plaintiff "contends only that Rogers used force that was unreasonable in relation to the nature of his obstruction. This contention can be resolved in Johnson's favor without casting any doubt on the validity of his conviction. It follows that *Heck* does not block this suit." *Johnson v. Rogers*, 944 F.3d 966,

968 (7th Cir. 2019). Here, unlike in *Johnson*, Plaintiff was never charged and no conviction is at issue. But even living in Defendant Talbot's world, where prison discipline transforms into a criminal conviction (without a prosecutor, defense counsel, and trial), *Johnson* holds that a Section 1983 lawsuit challenging the use of force does not cast "any doubt on the validity of his conviction" and that "*Heck* does not block this suit." The same holds true here.

Third, Defendant Talbot's position has been repeatedly rejected by the Seventh Circuit, which is why his motion omits legal authority directly on point. As the Seventh Circuit held in *Gilbert v. Cook*:

> A prison disciplinary panel lacks authority to prescribe, as the punishment for striking a guard, a separated shoulder and a gash in a prisoner's arm; guards who are dissatisfied by the slow pace and (it may seem to them) light punishments available through the formal disciplinary apparatus have no right to take matters into their own hands by beating their charges. Just as *Wallace v. Kato,* —— U.S. ——, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), holds that *Heck* does not affect litigation about police conduct in the investigation of a crime, so we hold that *Heck* and *Edwards* do not affect litigation about what happens after the crime is completed. Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but *whether* the force was reasonable is a question that may be litigated without transgressing *Heck* or *Edwards*. See *VanGilder v. Baker,* 435 F.3d 689, 692 (7th Cir.2006).

*Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008)

The reasoning in *Gilbert* has been appropriately followed across district courts in this Circuit. In *Chizum v. Corr. Med. Servs.*, Judge DeGuilio rejected Defendant Talbot's argument and held that "the legal doctrines of *res judicata* and collateral estoppel have no application in the circumstances presented here because "[d]isciplinary panels in state prisons are not courts" and "facts found (or assumed) by a prison disciplinary board are not entitled to the presumption of correctness." *Chizum v. Corr. Med. Servs.,* No. 3:09-CV-527 JD, 2013 WL 2250283, at *8 (N.D. Ind. May 22, 2013). There, the district court held that:

> If Chizum had pled guilty to criminal charges arising from his allegedly misusing his medication, his guilty plea would preclude him from asserting his innocence while his conviction remained in effect. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (If the remedy sought under § 1983 would require a finding or judgment that would render a criminal conviction or sentence invalid, a § 1983 plaintiff must first prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). But "[p]rison disciplinary hearings are not criminal proceedings." *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

*Id*.

The same must be true here. Any disciplinary and/or grievance proceedings relating to this incident have no preclusive effect upon Plaintiff's ability to sue Defendant Talbot, among others, for excessive force. This Court has granted Plaintiff a trial on this claim and Plaintiff is entitled to put on evidence in support.[1]

Fourth, Defendant Talbot relies upon *Edwards v. Balisok* when claiming that this "rule applies with equal force to prison disciplinary convictions, like the ones here." *Edwards v. Balisok*, 520 U.S. 641 (1997). But Defendant Talbot completely misapprehends *Edwards*, a lawsuit brought by an incarcerated individual "alleging that the procedures used in his disciplinary proceeding violated his Fourteenth Amendment due process rights. His amended complaint requested a declaration that the procedures employed by state officials violated due process, compensatory and punitive damages for use of the unconstitutional procedures, an injunction to prevent future violations, and any other relief the court deems just and equitable." *Id*. at 643.

---

[1] Defendant Talbot's argument is also precluded on waiver grounds given that he declined to plead his *Heck* affirmative defense in his answer. Nor did Defendant Talbot raise this affirmative defense previously. Dckt. 86, 87. As a result, this argument has been waived. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011).

Unlike *Edwards*, Plaintiff does not challenge the procedural rules of any grievance or disciplinary proceeding. Instead, Plaintiff filed his Section 1983 lawsuit because of the excessive force used by Defendant Talbot and others. As the Seventh Circuit explains, "*Heck* and *Edwards* limit only challenges to the fact or duration of a prisoner's sentence, not the conditions of his confinement." *Hall-Bey v. Hanks*, 93 F. App'x 977, 980 (7th Cir. 2004); *DeWalt v. Carter,* 224 F.3d 607, 617–18 (7th Cir.2000). Here, Plaintiff's lawsuit is not based on the "fact or duration of a prisoner's sentence," and as a result, *Heck* again does not apply.

For the reasons explained above, Defendant Talbot's motion must be denied.

### VI.    Plaintiff's Response to Defendant Talbot's Motion *in Limine* No. 9 Regarding Absence of Video Evidence

Defendant Talbot seeks to bar the evidence about why video evidence is absent from this case. Dckt. 133 at 9. Defendant Talbot relies on this representation from his own document production, which he posits conclusively prove that the memory card ran out of memory, so Plaintiff's cell extraction was not video recorded. *Id*. at 9-10. Defendant Talbot relies on no admissible evidence in support of his positions.

While Defendant Talbot is welcome to take this position at trial, Plaintiff is also entitled to question Defendant Talbot and other witnesses about the absence of video to confirm or disprove the accuracy of this representation. For example, Plaintiff is entitled to elicit testimony about the procedure for video-recording cell extractions, the reason that extractions are recorded, why that procedure apparently failed in this instance. Since Plaintiff was pro se, he did not have the ability to conduct depositions. But Plaintiff does intend to subpoena correctional officers to testify at trial and will question such officers about their knowledge of the underlying events.

In *Martinez v. City of Chicago*, 2016 WL 3538823, at *16 (N.D. Ill. June 29, 2016), the court denied a motion *in limine* seeking to exclude references to missing witnesses. The court

7

deemed the motion overbroad, reasoning that the absence of evidence is relevant. "For example, if Defendants fail to present any evidence, other than testimony of the Defendants themselves, showing that Officer Bogdalek was not involved in Plaintiff's arrest, Plaintiff might reference that lack of evidence." *Id*. The same is true here. Plaintiff can comment on the lack of video evidence, which should—but does not—exist (as far as Plaintiff is aware), and question Defendant Talbot and other officers about why this is so. Defendant Talbot's Motion *in Limine* No. 9 must be denied.

### VII.    Plaintiff's Response to Defendant Talbot's Motion *in Limine* No. 10 Seeking to Bar Claims Arising from Other Injuries

As reflected in the Proposed Pretrial Order, Plaintiff's Eighth Amendment claim arises from Defendant Talbot's use of force, resulting in a serious injury to Plaintiff's eyebrow. Plaintiff does not intend to assert claims arising from other injuries he sustained. Plaintiff does intend to present evidence about the events that transpired on April 10, 2018. To the extent that any other injuries are relevant to the factual narrative of what occurred, Plaintiff is entitled to present that evidence. *See, e.g.*, *McCoy v. Mennerich*, 2023 WL 1782255, at *5-6 (S.D. Ill. Feb. 6, 2023) (noting that plaintiff presented direct and circumstantial evidence of excessive force through evidence about what guards did before incident, including what they did to create justification for use of force, video evidence, injuries sustained, witness testimony, and relative sizes of individuals). In other words, although Plaintiff does not have an actionable claim for other injuries, Plaintiff can present direct and circumstantial evidence about Defendant Talbot's use of force, including evidence about other injuries he sustained.

### VIII. Plaintiff's Response to Defendant Talbot's Motion *in Limine* No 11 Seeking To Prevent Plaintiff from Presenting Evidence about Damages

Defendant Talbot seeks to exclude evidence about medical diagnoses, prognoses, conclusions, and medical opinions. Dckt. 133 at 13. Defendant Talbot's motion, however, is an effort to prevent Plaintiff from presenting damages evidence. Plaintiff is permitted to present evidence about his condition before, during, and after the excessive force incident. For example, in *Starks-Harris v. Taylor*, No. 1:08-CV-176, 2009 WL 2970382, at *4 (N.D. Ind. Sept. 11, 2009), the court permitted the plaintiff to testify about her own health:

> Starks-Harris will be permitted to testify about what she believed to be her medical health before and after the incident. Testimony by Starks-Harris about her mental and physical health and level of pain, fear, and anxiety prior to, during, and after the incident is not an impermissible self-diagnosis. Rather, it is simply her recounting how she personally felt, physically and mentally; testimony that is rationally based on her own perception.

In *Hendrickson*, the Seventh Circuit noted that in cases that do not present complicated questions of medical causation, "no expert testimony is required to assist jurors in determining the cause of injuries are within their common experiences or observations." 589 D.3d at 892. Here, Plaintiff has a straightforward case of excessive force and consequent damages. As in in *Hendrickson*, "[t]his case presents no [ ] complicated question of medical causation. Hendrickson testified that Cooper beat him up and it hurt really bad. The jury believed him. No further proof was required for the jury to find Cooper liable for violating Hendrickson's Eighth Amendment rights." *Id.* Accordingly, Plaintiff can testify about his own health before and after the incident. The Court should deny Defendant Talbot's Motion *in Limine* No. 11.

### IX. Defendant Talbot's Motion *in Limine* No. 12 to Bar Evidence About Settlement Discussions

Plaintiff does not oppose.

### X. Plaintiff's Response to Defendant Talbot's Motion *in Limine* No. 13 about Prior "Bad Acts"

Defendant Talbot seeks to bar evidence about Defendant Talbot's prior bad acts. Dckt. 133 at 15. Defendant Talbot seeks to wholesale exclude evidence that he believes might fall within Rule 404(b)'s propensity prohibition. *Id.*

Plaintiff disagrees that evidence about prior incidents should be per se excluded. "[E]xcessive force and similar cases have proved especially hospitable to 'other act' evidence under Rule 404(b) on the theory that the evidence is relevant, not to proving propensity, but to proving intent, motive, or pattern." *Wofford v. Celani*, 2012 WL 2847549, at *1 (N.D. Ill. July 11, 2012); *see also Batchelor v. City of Chi.*, 2020 WL 13647794, at *7 (N.D. Ill. Nov. 17, 2020) (other act evidence may be relevant to permissible 404(b) uses).

Because no depositions, other than Plaintiff's deposition, occurred in this case, Plaintiff is unaware of what specific prior bad acts Defendant Talbot seeks to exclude. Thus, if an issue involving prior acts arises at trial, the parties and the Court will need to address it in context under Rule 404(b). But Defendant Talbot should not be permitted to preemptively wholesale exclude evidence about prior misconduct before the issue has arisen. Thus, the Court should deny Defendant Talbot's Motion *in Limine* No. 13.

### XI. Defendant Talbot's Motion *in Limine* No. 14 Seeking to Bar Evidence About Violations of IDOC Internal Policies

Defendant Talbot seeks to bar evidence that he violated prison policies, asserting that it is irrelevant to whether he used excessive force on Plaintiff. Dckt. 133 at 16.

Courts have rejected this argument. In *Davis v. Nanny*, 2018 WL 2087994, at *2 (S.D. Ill. May 4, 2018), the court concluded that prison policy violations are relevant and admissible evidence in Eighth Amendment excessive force cases. There, the court reasoned that there is a

subjective element of Eighth Amendment excessive force cases, *i.e.*, whether the force was applied in good faith or applied in bad faith. *Id.* Violations of prison policy are relevant to showing bad faith. *Id.*; *see also Estate of Carlock v. Williamson*, No. 08-3075, 2013 WL 12244415 (C.D. Ill. June 21, 2013) (concluding that subjective element of Eighth Amendment claim may be shown by the knowing violation of prison policy); *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) ("Finally, although violation of the prison's rules against public searches was not, be itself, a violation of the Constitution, it was relevant evidence on which the jury could have relied on to conclude that the searches were done with an intent to harass.") (internal citation omitted)).

The cases Defendant Talbot cites don't apply here because they are all Fourth Amendment cases. As *Davis* explains, the Fourth Amendment standard is different than the Eighth Amendment standard. *Davis*, 2018 WL 2087994, at *2. Fourth Amendment claims are based on an objective reasonableness test, while Eighth Amendment claims involve a subjective test. *Davis*, 2018 WL 2087994, at *2. Violations of prison policy are specifically relevant to the subjective element of Eighth Amendment claims. *Id.* Thus, violations of prison policy are relevant to Eighth Amendment claims, and the Court should deny Defendant Talbot's Motion.

### XII. Defendant Talbot's Motion *in Limine* No. 15 Seeking to Exclude "Golden Rule" Arguments

Plaintiff does not oppose.

### XIII. Defendant Talbot's Motion *in Limine* No. 16 Seeking to Exclude Arguments about Delays

Defendant Talbot seeks to exclude argument that Plaintiff has waited a long time for his day in court. Dckt. 133 at 17. Plaintiff does not anticipate making arguments blaming Defendant Talbot for any delays.

However, the jury will know the date of the incident and the trial date. Plaintiff must be able to present evidence at trial about the timeline relevant to the excessive force incident and about subsequent damages. Thus, Plaintiff does not oppose Defendant Talbot's motion so long as it does not infringe on Plaintiff's ability to present evidence about the timing of evens.

### XIV. Defendant Talbot's Motions *in Limine* No. 17 and 18 to Exclude Trial Witnesses and Exhibits

Defendant Talbot seeks to exclude Plaintiff's trial witnesses and exhibits that he asserts were previously undisclosed.

Defendant Talbot's argument is meritless, and merely seeks to take advantage Plaintiff's previous *pro se* status. Because Mr. Larkin was previously pro se, he cannot be held the same standard as practicing attorneys in terms of procedure rules. *See Littler v. Martinez*, 2019 WL 1043256, at *16 n.7 (S.D. Ind. Mar. 5, 2019) (noting that pro se litigants receive leeway and flexibility that counseled litigants do not receive in terms of compliance with procedural rules and presentation of evidence).

Rule 26 of the Federal Rules of Civil Procedure permits the Court discretion to allow late-disclosed witnesses if the violation was justified or harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003). Relevant factors include whether "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice, (3) the likelihood of disruption to trial, (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Here, Defendant Talbot is neither prejudiced nor surprised by Plaintiff's witness list. All of Plaintiff's witnesses disclosed in his Proposed Final Pretrial Order come from documents that Defendant Talbot produced in discovery. And almost all the witnesses are IDOC employees, and Defendant Talbot has plenty of notice before trial about their identities. Defendant Talbot's

assertion that he would have conducted discovery and depositions differently had he known about these witnesses is disingenuous; Defendants conducted just one deposition and only limited written discovery. Nothing suggests he would have done anything differently had Plaintiff disclosed additional names from Defendant Talbot's own document production. Finally, Plaintiff's initial limited witness list was because of his *pro se* status, not because of any bad faith or willfulness.

As for exhibits, all of Plaintiff's exhibits identified in the Proposed Pre-Trial Order come from Defendant's documents. There is nothing new. Defendant Talbot cannot be unfairly prejudiced or surprised by documents that he produced in this case.

Finally, Defendant Talbot cannot complain about Plaintiff's disclosures in this case when his own were completely inadequate. For example, Plaintiff's Interrogatory No. 2 would have helped him identify potential witnesses, but Defendants refused to answer it for frivolous reasons:

> 2. Please identify all prison staff members who were on duty in the westville control unit (WCU) between 6am and 6pm on April 10, 2018
>
> **Response:** Objection. Defendants object to this request as it is improper under Federal Rule of Civil Procedure 33 as it does not identify with specificity to whom this potential interrogatory is directed. Defendants object to this request because there are seven Defendants named in this action thus this interrogatory is ambiguous and vague as to who the interrogatory is directed.

Similarly, Defendants failed to provide a complete response to Plaintiff's interrogatory seeking the names of witnesses and a summary of the facts to which the witness was expected to testify, on the basis that they could not comprehend the meaning of the words "you" and "your":

13

> 10. Identify all witnesses You or Your attorney intend to call at the Trial of this matter or for any hearing. For each witness, please provide a summary of the facts to which the witness is expected to testify
>
> Response: Objection. Defendants object to this request as it is improper under Federal Rule of Civil Procedure 33 as it does not identify with specificity to whom this potential interrogatory is directed. There are seven defendants in this action and therefore this request is ambiguous as to the terms "you" and "your" and requires Defendants to engage in conjecture. Defendants object to this request to the extent it requests information protected by the attorney-client privilege.
>
> Subject to and without waiving these objections, while discovery in this case is still ongoing, based on the information known at this time, Defendants may call the following witnesses:
>
> - As to the allegations in Plaintiff's complaint: Plaintiff James Larkin; Defendant Jeffrey Armstrong; Defendant Michael Bach; Defendant Calvin Bradford; Defendant Evin Eakins; Defendant Andrew Krause; Defendant Tim Ryan; Defendant Geoffrey Talbot; James Bowen; Jason Knocke; and Sergeant Trevor Spiegel.
> - Any and all witnesses identified in Plaintiff's discovery responses;
> - Any and all witnesses needed for impeachment and/or rebuttal purposes; and
> - Other named individuals as Defendants become aware of identities.

Defendants never supplemented their response. Defendant Talbot—who has been represented by counsel throughout this litigation—cannot now argue that Plaintiff's disclosures were inadequate, when his own were evasive and uninformative. The Court should deny Defendant Talbot's Motions *in Limine* No. 17 and 18.

XV. **Defendant Talbot's Motion** *in Limine* **No. 19 to Bar References to Motions** *in Limine* **and Orders**

Plaintiff does not oppose this Motion *in Limine*.

                           Respectfully submitted,

                           <u>s/ Jon Loevy</u>

                           One of Plaintiff's Attorneys

                           Jon Loevy
                           Elliot Slosar
                           Margaret Campbell
                           LOEVY & LOEVY
                           311 N. Aberdeen, 3rd Floor
                           Chicago, IL 60607

## **CERTIFICATE OF SERVICE**

I, Jon Loevy, an attorney, hereby certify that on October 23, 2023, I filed the foregoing motion using the Court's CM/ECF system, which effectuated service on all counsel of record.

/s/ Jon Loevy
*One of Plaintiff's Attorneys*