UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES LARKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:18-CV-65-PPS |
| ) | |
| GEOFFREY TALBOT ) | |
| ) | |
| Defendant. ) | |

ORDER FOR PRETRIAL CONFERENCE, NOTICE OF TRIAL SETTING AND
ORDER CONTROLLING THE CASE

This case was recently reassigned to Judge Philip Simon from Judge Theresa Springmann. The parties are strongly encouraged to consult Judge Simon's website at www.innd.uscourts.gov/judges-info/PPS for further information on practice before the undersigned.

ORDER FOR PRETRIAL CONFERENCE

The final pretrial conference for this matter has been set for May 29, 2025 at 10:00am CT. The final pretrial conference is generally set approximately 30 days prior to the trial date. The attorneys are directed to appear for the final pretrial conference in the courtroom of Judge Philip P. Simon on May 29, 2025 at 10:00am CT pursuant to Federal Rule of Civil Procedure 16.

Not less than 10 business days prior to the final pretrial conference, counsel shall hold a personal conference and are admonished to give special attention to the stipulation of all uncontroverted facts and the possibility of settlement, all in accordance with Local Rule 16.1.

Not less than 5 business days prior to the final pretrial conference, counsel shall file a proposed final pretrial order. The proposed pretrial order shall contain: 1) a jurisdictional statement of the case; 2) a brief description of the claims and counterclaims to be tried; 3) the parties' contentions; 4) stipulations of fact; and 5) exhibit list and witness list. Counsel shall also email a copy of the proposed pretrial order in Word Perfect or Microsoft Word format to the Court's email address, simon_chambers@innd.uscourts.gov. A sample pretrial order can be found in

Appendix A to the court's Local Rules at www.innd.uscourts.gov/sites/innd/files/-CurrentLocalRules.pdf.

After the final pretrial conference in any case tried to a jury, Judge Simon conducts a settlement conference that same day. During the settlement conference, each party to this action shall either personally or by a representative be available to personally or telephonically confer with counsel regarding the possibility of settlement of this cause, and that party or representative shall have authority to settle this cause. To understand Judge Simon's procedure and requirements, and to assist in promoting settlement, each party should review the "Settlement Conference" page on Judge Simon's website at [www.innd.uscourts.gov/sites/innd/files/PPSSettlementConferenceInstructions.pdf](www.innd.uscourts.gov/sites/innd/files/PPSSettlementConferenceInstructions.pdf) in advance of the final pretrial conference.

With respect to jury cases, if settlement occurs on the day of trial or during trial before verdict is reached, juror costs, including marshal's fees, mileage and per diem, shall be assessed as agreed by the parties, or equally against the parties and/or their counsel, or otherwise assessed as directed by the Court. To avoid the assessment of costs, settlement should be reported to the Judge's Courtroom Deputy Clerk by **3:00 p.m.** on the workday prior to the date set for trial.

## NOTICE OF TRIAL SETTING

The trial date assigned to this matter is June 23, 2025 at 8:30am CT. Inasmuch as 95% of all civil cases are either settled or are otherwise resolved prior to trial, the parties to this action should plan for trial of this case on the given date notwithstanding the fact that the setting that you have received may be a second or third setting. It is the sole responsibility of counsel to follow the status of the calendar and be prepared for trial on the given date, and if the case is not reached on that date, counsel shall be prepared for trial on the next day the case can be reached. Counsel are requested to promptly advise the Clerk in the event of settlement or other final disposition of the case so that the other attorneys and litigants may be promptly notified.

## ORDER CONTROLLING THE CASE

This order contains instructions and various time limitations relating to trial. Compliance with this order is mandatory and will expedite the trial of this matter. In the event that any of the parties to this action desire to be relieved of any portion of this order, they shall file a written motion with the Court requesting such relief not later than 45 days prior to trial. These deadlines will be reiterated during the final pretrial conference.

### I. CASES WHICH ARE TO BE TRIED TO A JURY

#### A. Preliminary Statement Identifying the Case

In all jury cases, plaintiff's counsel shall prepare, and serve upon opposing counsel not later than 25 days prior to trial, a concise preliminary statement describing the case in an impartial, easily understood manner, which shall be read to the jury panel prior to the voir dire. Counsel for the parties shall then confer in a good faith effort to agree upon the statement.

The agreed-upon statement shall be signed by the parties and their counsel and filed with the Clerk of Court not later than 15 days before trial. In the event of inability to agree, counsel shall file their proposed preliminary statements with the Clerk of the Court not later than 15 days before trial, with copies served on opposing counsel at the same time.

#### B. Voir Dire Questions and Jury Instructions

In all jury cases, both the Court and counsel will conduct the voir dire. The Court has a standard set of questions which are available at Judge Simon's website at www.innd.uscourts.gov/judges-info/PPS. After the Court completes its questioning of the potential jurors, counsel for each party will be given an opportunity to conduct some voir dire. The purpose of voir dire is to elicit information from the prospective jurors. Any effort to argue ones case during voir dire will be rebuked by the Court even in the absence of an objection.

The Court will prepare all standard opening and closing instructions, and other general instructions, copies of which are available at Judge Simon's website at www.innd.uscourts.gov/judges-info/PPS. The parties need not prepare any of these standard instructions. Plaintiff's counsel shall prepare in writing proposed jury instructions that deal with the substantive issues of the case as well as verdict forms. Plaintiff's counsel shall then serve opposing counsel with a copy of the jury instructions

that deal with the substantive issues of the case as well as the verdict forms not later than 25 days before trial.  Counsel for the parties shall then confer and, to the extent possible, agree upon the instructions that deal with the substantive issues of the case as well as appropriate verdict forms.

When formulating the proposed jury instructions that deal with the substantive issues of the case, the parties shall consult and utilize the Seventh Circuit pattern jury instructions, and to a lesser extent the pattern jury instructions for the other Circuit Courts of Appeals, and the Indiana Pattern Jury Instructions.  Points and authorities in support of any proposed jury instruction shall be included with the jury instruction submitted to the Court.

After their conference and not later than 5 days before trial, counsel for the parties shall jointly file with the Clerk three separate filings.  First, plaintiff's counsel shall file the substantive jury instructions and verdict forms on which agreement has been reached.  Second, plaintiff's counsel shall file with the Clerk the proposed verdict forms and jury instructions to which agreement could not be secured (together with plaintiff's points and authorities in support thereof and defendant's objections thereto).  Third, counsel for the defendant shall file with the Clerk the defendant's proposed verdict forms and jury instructions to which agreement could not be secured (together with defendant's points and authorities in support thereof and plaintiff's objections thereto).

In addition to filing via the Court's CM/ECF system, counsel are required to email their proposed jury instructions and verdict forms, which includes both those instructions and verdict forms where agreement was reached as well as those where agreement was not reached, to the Court's email address at simon_chambers@innd.uscourts.gov in Word Perfect or Microsoft Word format.  Word Perfect format is preferred if both formats are available.  The plaintiff shall submit the proposed jury instructions and verdict forms on diskette, and the defendant shall submit any other proposed instructions or verdict forms on diskette.

## II.   CASES WHICH ARE TO BE TRIED TO THE BENCH

<u>In all bench cases</u>, counsel for each of the parties shall prepare proposed findings of fact and conclusions of law in numbered paragraphs, a copy of which is to be served on opposing counsel not later than 20 days before trial.  The plaintiff's conclusions of law shall include a statement of the applicable statute(s) conferring jurisdiction upon the Court, with appropriate citations.  Upon receiving these proposed findings of fact and conclusions of law from the opposing side, each counsel shall then file a response to each numbered paragraph by either disputing the paragraph (or a portion thereof),

admitting to those facts, or stating that those facts are irrelevant to the disposition of the case.

In this connection, counsel need not come to a uniform conclusion as to an entire proposed finding, or, indeed, an entire sentence within a proposed finding. They may agree with part of it, disagree with part of it, or consider a portion of it irrelevant.

The parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental findings of fact and conclusions of law during the course of the trial, with respect to which the same underlining procedure may be ordered.

### III.   IN ALL CASES

#### A.   Pretrial Disclosure of Witnesses, Deposition Testimony and Exhibits

In all cases, counsel shall comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3); however, the disclosures shall be provided to the other parties (marked either numerically or alphabetically) 20 days before trial (rather than the 30 days provided for in the Rule). Within 5 days thereafter, any counter-designations of deposition testimony shall be filed. No later than ten days before trial, a party may serve and file its objections to a designated deposition or to the admissibility of any document or other exhibit with appropriate memoranda, citing points and authorities, as to why the same should not be admitted. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

Counsel for the parties are hereby authorized to issue subpoenas duces tecum returnable to the Clerk of the Court as to all necessary exhibits not otherwise voluntarily obtainable, provided, however, that a copy of such subpoena duces tecum is delivered not less than 10 days in advance to all opposing counsel so that appropriate objections may be made to the Court.

#### B.   Depositions

It is the intent of the Court to limit deposition testimony to only those matters that are essential to the presentation of the case.

Accordingly, if counsel believe that the presentation of any deposition will take more than sixty minutes of trial time, including the use of summaries and excerpts, this should be brought to the Court's attention at the final pretrial conference so that the Court may assist the parties in structuring the presentation of the deposition through

the use of summaries and excerpts so that the presentation will not take more than sixty minutes of trial time.  No deposition presented at trial shall take more than sixty minutes of trial time unless leave of Court is obtained prior to the commencement of trial.

## C.  Motions in Limine

Motions in limine are to be filed, with supporting briefs, not later than 20 days prior to trial.  Any response to motions in limine must be filed 7 days thereafter with replies to be filed 3 days after any response is filed.

In any response, counsel shall specifically state, if applicable, that they have no objection to the granting of any part of a motion in limine, in which case a reply thereon is unnecessary and an order may be entered accordingly.

As noted in the first paragraph of this Order, Motions brought pursuant to Federal Rule of Evidence 703 and 704 (formerly known as *Daubert* motions) are not considered motions in limine for purposes of this Order.  Any motions attacking the admissibility of expert testimony shall be filed at the time summary judgment motions are filed or, if no summary judgment motion is filed, not later than 90 days prior to trial.  In such motions attacking the admissibility of expert testimony, the moving party must state in its motion whether a hearing is necessary for the disposition of the motion, and the responding party shall note in its response either its agreement or disagreement on the necessity of a hearing.

## D.  Trial Briefs

If plaintiff's counsel so desires, he or she may file a trial brief with the Clerk of the Court not later than 25 days before the trial, serving a copy on counsel for all parties at the same time.  Plaintiff's trial brief shall:

(I)  Identify each issue to be tried and each element of the claim(s) involved in the action and provide a thorough briefing of the law pertaining to each such issue and element of the claim(s).

(ii)  Identify all facts which plaintiff intends to prove at trial to sustain each element of the claim(s) for relief, and list the names and addresses of all witnesses who will testify in support of each fact and element.  If any facts or elements of any claim(s) for relief are to be proved by documentary or physical exhibits, as contrasted with the testimony of witnesses, such documentary or physical evidence shall be itemized and listed under each element of the claim(s) for relief.

6

(iii)  Contain appropriate memoranda, with citations to legal authority, in support of evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.

In response, opposing counsel may file with the Clerk of the Court, not later than 15 days before trial, an opposing trial brief, with a copy to be served on counsel for all parties at the same time.  Opposing counsel's trial brief shall:

(I) State precisely the extent to which it agrees and/or disagrees with the plaintiff's statement of the issues and provide a thorough briefing of the substantive law of the case insofar as there is a disagreement with the briefing of these issues provided by plaintiff.

(ii)  Identify any additional issues to be tried.

(iii)  Identify all facts which defendant intends to prove at trial to defend against each element of the plaintiff's claim(s) for relief, and list the names and addresses of all witnesses who will testify contrary to each fact and element of the plaintiff's claim(s).  If any facts are to be proved by documentary or physical exhibits, as contrasted with the testimony of witnesses, such documentary or physical evidence shall be itemized and listed under each element of plaintiff's claim(s) for relief.  With respect to affirmative defenses, witnesses and documentary and physical exhibits to be offered in support of facts and elements thereof shall be identified.

(iv)  Contain appropriate memoranda, with citations to legal authority, in support of evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.

In cases where the parties choose not to file a trial brief, the Court may nonetheless order that one be filed if the Court feels that such a brief would be useful to the Court given the complexity of the issues presented for trial or if the case presents novel questions of law.  If the Court desires a trial brief to be filed, it will so notify counsel in a subsequent order of the Court.

### E.  Settlement

During the entire pendency of this action, through and including the end of trial, the parties are admonished to vigorously pursue the possibility of settlement of this cause.

7

### F. Prior Orders - Issues

Any order by the Court or one of the Court's magistrate judges entered prior to this order shall continue to be binding on the parties except as herein modified. Moreover, this order shall not be construed to allow the parties to enlarge the issues as limited by any pretrial order or the pleadings.

### G. Sanctions for Non-Compliance

Counsel are expected to comply with this Order Controlling the Case. The court will consider the imposition of appropriate sanctions in the event of non-compliance.

ENTERED: September 10, 2024.

    /s/ Philip P. Simon  
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

## INFORMATION FOR ATTORNEYS REGARDING TRIALS

**EXHIBITS:**

All proposed exhibits should be marked with identification stickers, available in the Clerk's Office, before the beginning of trial. Plaintiff exhibits will be marked numerically and Defendant exhibits will be marked alphabetically. Even though you may have an exhibit with a "deposition" identification sticker, it must be re-marked for trial.

Multi-page exhibits should be stapled, not paper clipped, and marked as one exhibit.

In case of an appeal, the parties are responsible for the preservation of exhibits admitted in evidence.

Exhibits are kept at the corner of the Clerk's table and are available for your use during the trial. At the conclusion of a witness's testimony, please retrieve any exhibits used and replace on the Clerk's table. All admitted exhibits must be in the Clerk's possession during each recess or adjournment of the Court.

The courtroom is equipped with the technology necessary to display exhibits, play audio recordings, and show videotapes to both the witness and the jury. Counsel is encouraged to make active use of all the technology. Training on the use of the technology can be arranged by contacting Noel Collins at (219) 852-6724.

**WITNESSES:**

When calling a witness, please announce his or her full name for the benefit of the Clerk and court reporter. Once the witness is seated, please ask the witness to spell his or her name. You do not need permission to approach the witness.

**JURY TRIALS:**

On the Friday before trial, the Clerk will provide counsel with the juror qualification questionnaires completed by the voir dire panel to be called for the case.